(Decided 9th January, 1884.)

DANIEL KEAN *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Contributory negligence—When Plaintiff's Negligence will not Excuse Defendant—Failure on the part of Defendant's servants to use Due care and exertion to avoid the Accident—Direct and Proximate cause of the Injury—Mutual or Concurrent Negligence.*

In an action against a railroad company for its alleged negligence, whereby the plaintiff was injured, he must show the injury he received was occasioned exclusively by the negligence of the defendant. If, therefore, it be found that the plaintiff has himself been guilty of any negligence or want of ordinary care that has *directly* contributed to cause the accident, he can have no cause of action against the defendant for the injury received, though the latter may likewise have been guilty of negligence. And this whether the plaintiff was sober or drunk at the time the accident occurred.

Although the plaintiff may have been guilty of negligence, and such negligence may, in fact, have remotely contributed to the production of the accident, yet, if the defendant could, in the result, by·

Kean *vs.* Balt. & Ohio Railroad Company.

the exercise of reasonable care and diligence, in view of the circumstances of the case, have avoided the accident, the plaintiff's negligence, being the more remote cause, will not excuse the defendant.

If the plaintiff who was injured by the alleged negligence of the railroad company, was in fact drunk, and failed to observe the reasonable precautions to avoid danger to himself while in the act of crossing the defendant's road tracks, or while upon the tracks of the road, though improperly there, and under circumstances to constitute negligence on his part, yet, if the defendant's servants in charge of the train, after discovering the perilous situation of the plaintiff, could, by the exercise of reasonable care and diligence, have avoided the accident, they were bound to do so. If they possessed knowledge of the plaintiff's situation, and failed to make proper and reasonable exertions whereby he could have been saved, the defendant would be liable, though it was by reason of the negligence or drunken condition of the plaintiff that he was found in the situation of danger. In such case their failure to use due care and exertion would constitute negligence, which would form the direct and proximate cause of the injury.

If, on the other hand, the plaintiff was on the crossing, or at any other place on the road tracks of the defendant, in such condition as not to be able to take care of himself, or paid no heed to the warnings of the approach of the train; or if from negligence, or reckless indifference to the perils of his situation, he failed to observe the precautions necessary to his safety, and his situation was not known to those in charge of the train, and, while observing a careful lookout, was not discovered by them in time, by the use of reasonable care and diligence, to save him from injury, then his own want of care and reckless negligence in putting himself in such place of danger, would deprive him of all ground of action against the defendant. And this would be the case though there may have been negligence on the part of the defendant in detaching the engine from the cars and allowing the latter to run down the switch by their own momentum, or by the force of the grade. In such case, the negligence would be mutual or concurrent, and that of the plaintiff so directly contributing to the production of the accident as to preclude the right of recovery.

APPEAL from the Circuit Court for Frederick County.

This action was originally instituted in the Circuit Court for Allegany County, and was thence removed, at the sug-

gestion of the defendant, to the Circuit Court for Frederick County, where it was tried. The appellant sought to recover for an injury which he sustained through the alleged⁊negligence of the appellee, in being run over by its cars on the night of the 27th of July, 1879, while he was in the act of crossing the tracks of the defendant at the point where they intersect Williams street in the City of Cumberland.

*Plaintiff's Exception.*—The plaintiff offered the three following prayers:

1. That if the jury find from the evidence that the defendant was, at the time of the happening of the alleged injury of which the plaintiff complains, the owner of a railroad, with several tracks running through the City of Cumberland, and across the streets and thoroughfares thereof, and was engaged in moving trains thereon propelled by steam, then in the management of said trains the defendant was bound to use such care and caution to prevent injury to persons travelling along said streets where they are crossed by said tracks as prudent and discreet persons would have used and exercised under like circumstances; and that if they find from the evidence that the plaintiff, on the night of the 27th of July, 1879, while crossing the railroad of the defendant on Williams street, in said city, was run over by the cars of the defendant and injured, as stated in the testimony of the witnesses, and that such injury was occasioned by the negligence of the defendant, or its agents in charge of said cars, and that by the exercise of ordinary care and caution by the defendant, or its agents, the accident occasioning such injury could have been avoided, the plaintiff is entitled to recover, notwithstanding they may find from the evidence that the plaintiff did not use ordinary care and caution on his part; provided, they further find, that such want of care on the plaintiff's part was not the direct cause of the accident; and further, that if the jury find for the plaintiff

they may consider the character of the injuries received by him, how far they disabled him from pursuing his ordinary occupation, and also the physical and mental suffering to which he was subjected by reason of such injuries, and allow such damages as in their judgment would be a fair and just compensation for the same.

2. That if the jury shall find from the evidence in the cause, that the defendant owned and operated a railroad in the City of Cumberland as stated in the first prayer, and that by the ordinance of the City of Cumberland it was prohibited from running its trains at a speed greater than six miles per hour, and that in the management of railroad trains it is regarded by experienced men as exceedingly dangerous to make a running switch, and that by one of the rules of the defendant, in force at the time of the accident complained of, the employés of the defendant in charge of their trains were prohibited from making such running switch, if practically avoidable ; and if they further find that on the night of the 27th of July, 1879, the agents of the defendant were engaged in making up a train of cars by a running switch in the City of Cumberland, and that in so doing they raised the speed of the said cars to a rate of ten or twelve miles an hour within said City, and that it was practicable to make up said train without making a running switch, or raising the speed of said cars above six miles an hour, and that said night was dark and that it was only about two hundred and eighty feet from the place where the cars were separated to Williams street in said city, when the alleged accident occurred, and that said cars where said separation was made were running at the rate of ten or twelve miles an hour, and that it was down grade from said place of separation to the place of said accident, and that the tracks were wet and slippery so that the brakes did not easily check the speed of said cars, and that there was no light upon said cars excepting a hand lamp which the conductor had on

the front platform of the front car, and that said cars reached said crossing or very near thereto before said conductor notified the brakeman in the rear of said first car to put down the brakes, and that immediately thereafter said cars ran over the plaintiff, at or near said crossing, and that from the time said cars left the place of separation until they struck the plaintiff, there was an interval of only about fifteen seconds, and that said crossing was a frequented thoroughfare for persons passing to and fro, and that the defendant has a watch-box and a watchman at said crossing in the day time, but had none there on the night of the alleged accident, and had no bell on said cars or other means of notifying the plaintiff or others of their approach to said crossing, except said hand lamp which the conductor had, and sent no person in advance of said detached cars to said crossing to ascertain if the track were clear between the place where said cars were detached from the engine and the further side of said street or crossing, then the jury may find that the defendant was guilty of gross negligence in the management of said train of cars; and if they do so find, then their verdict must be for the plaintiff, even though they may find that the plaintiff was drunk whilst attempting to cross said tracks upon said street; provided, they further find, that the defendant, or its agents, if they had managed said cars with ordinary care and prudence, could have prevented the accident complained of.

3. That if the jury find from the evidence, that the accident complained of occurred, and that, if the defendant or its agents, had exercised ordinary care and prudence in the management of the cars which produced the accident, such accident could have been avoided, then the plaintiff is entitled to recover, notwithstanding the jury may believe the plaintiff was drunk at the time of the accident, and that such accident occurred not on Williams street, but south of it, on the defendant's railroad.

Kean *vs.* Balt. & Ohio Railroad Company.

And the defendant prayed the Court to instruct the jury as follows :

1. That, under the pleadings and evidence, it is incumbent on the plaintiff to prove that the injury complained of was caused entirely by the negligence or default of the defendant's agents in the management of the train of cars causing the injury, but if the jury shall find from all the evidence in this cause, that at the time and place, when and where the accident occurred the plaintiff was between the rails of one of the tracks at said place on his hands and knees and drunk, and that warnings were given by those in charge of said train, but not heeded—if the jury shall so find, and that while in the position between said rails as testified by the witnesses, the plaintiff was run over by said train of cars and injured, then that the plaintiff, by his act and conduct, contributed to produce the injury of which he complains, and the verdict of the jury must be for the defendant—unless the jury shall further find from the evidence in this case, that the agents of the defendant in charge of said train of cars after discovering the plaintiff on said track, if the jury shall so find, in the position as described by the witness, could, by ordinary and reasonable care, have prevented said train of cars from running over said plaintiff and injuring him, even though the jury may believe that the agents of the defendant were guilty of negligence in the management of said train of cars, before the agent of the defendant, discovered said plaintiff on said track.

2. That, under the pleadings and evidence, if the jury shall find that on the night of July 26th and 27th, the agents of the defendant, at Cumberland, were directed to place a train of three passengers cars on a siding in the Cumberland yard of defendant, and in placing said train of cars on said siding, said agents made a running switch at the place indicated on the plat by the witnesses—if the jury shall so find; and shall further find, that running

switches were prohibited by the rules of said defendant, and that to make said running switches, the said train started and was running at a speed greater than allowed by the ordinance of the City of Cumberland—if the jury shall so find; and shall further find from the evidence, that after said switches had been passed by said train, and on said siding known as the "Tub Siding," and running down the same, with the conductor on the front car, with his light, and the brakeman between the first and second car, and said train was approaching a crossing in said city, known as Williams' road—if the jury shall so find; and shall further find, that the employé in charge of said train on the front car saw an object between the rails about ninety to a hundred and ten feet ahead, on the east side, and beyond said crossing, and thereupon gave an alarm, by hallooing sufficiently to warn a person on said track of danger—if the jury shall so find; and that the warnings were given and continued several times, and in a tone of voice loud enough to warn any one having command of all his faculties, at the place where the accident occurred, of the danger, and in time to enable him to avoid it—if the jury shall so find; and shall further find that at the time of the accident the plaintiff was in the middle or between the rails of said track, east of, and beyond, said crossing, on his hands and knees, drunk, and a companion who was with him was endeavoring to pull him off, and outside of said track—if the jury shall so find; and shall also find that the agents, of the defendant in charge of said train of cars, upon discovering the object between the rails of said track, in addition to the warning given—if the jury shall so find, immediately used every effort to stop said train of cars, and prevent the same from running over the plaintiff, but were unable, if the jury shall so find; and that the said train of cars ran over and injured the plaintiff, as testified to by the witnesses, then that these acts, on the part of the plaintiff, constituted such want of ordinary care and

prudence as directly contributed to the injury of the plaintiff, and does not entitle him to maintain an action to recover damages, and their verdict must be for the defendant, even though the jury may believe the defendant was guilty of negligence prior to the time the plaintiff was discovered on said track.

3. That, under the pleadings and evidence, if the jury shall believe that at the time the accident to the plaintiff occurred, he was east of, and beyond the road-crossing known as Williams' road, between the rails of track known as the Tub Track in the position testified to by the witness, Peregoy, and that the plaintiff was drunk, and by his drunkenness deprived himself of the exercise of his faculties, and would have been able, but for that, to have avoided said train of cars, and prevented the injury complained of in this case, then the plaintiff is not entitled to recover; unless the jury shall find the agents of the defendant were guilty of wanton or wilful neglect in not stopping the cars after the plaintiff was discovered on the track.

4. That, under the pleadings and evidence, if the jury shall find that at the time and place, when and where, the accident occurred, the warnings made by the agent of the defendant in charge of said train upon discovering the plaintiff on the track on which said train was running, were sufficient to warn a sober man, in the full possession of his faculties, that there was danger in crossing said track, if the jury shall so find; and that said warnings were given in time to enable any one in his sober senses to get off of said track, if the jury shall so find; but shall further find from the evidence, that at the time when the accident occurred, the plaintiff was drunk, and by reason of his drunkenness, did not heed said warning and get off of said track, if the jury shall so find; and shall find that said plaintiff was run over and injured by said train of cars, then the plaintiff is not entitled to recover in this

action, unless the jury shall further find, that the agents of the defendant employed in the management of. said train of cars, after discovering that said plaintiff did not heed such warnings, could, by the exercise of reasonable care and prudence, stop said train of cars to prevent accident and injury to the plaintiff.

5. That, under the pleadings and evidence in this case, if the jury believe, from the evidence in the case, that the rate of speed of the cars spoken of by the witnesses, did not, at any time after the cars were started, exceed six miles per hour ; and if they further believe, that after the engine was detached from the cars, that the conductor stood upon the front platform of the front car with his lantern burning bright, and that the light of the lantern was visible, and could have been seen at the point where the plaintiff was injured, and a considerable distance beyond said point, and that the plaintiff went upon the track upon which the cars were moving, and upon which he was injured whilst he was drunk, and remained upon the track in a drunken condition ; and if they further believe, that when the conductor was about ninety to one hundred and ten feet from the point where the plaintiff was, he, for the first time, discovered an object upon the track, (which he afterwards ascertained was the plaintiff,) if the jury so find ; and if they further believe, that immediately upon discovering said object on the track, he gave warning of the approach of the cars, by crying out in a tone of voice loud enough for plaintiff to have heard him, and continued to cry out, for the purpose of giving said warning, a number of times, and that immediately upon giving said warning, the conductor and the brakeman on the cars, used all reasonable efforts to stop said cars before reaching the plaintiff, and to prevent the injury complained of in this case ; and if they further believe, that the plaintiff failed, by reason of his being drunk, to notice or heed the warning so given by said conductor, if they believe such warn-

ing was given, and failed to get off the track, and out of the way of said cars, by reason of his being drunk, then the plaintiff is not entitled to recover.

6. That if the jury believe, from the evidence, that the three passenger cars spoken of in this case, were being moved down the Tub Track in the Cumberland yard of defendant, and that the conductor was on the front platform of the front car, with a lantern burning bright, and visible at and beyond the point where plaintiff was injured, and that the brakeman was between the first and second cars on the platform; and if they further believe, that when the conductor on said platform was about from ninety to one hundred and ten feet from where plaintiff then was upon the said Tub Track in the position described by the witness, Peregoy, that the conductor called out loud enough for plaintiff to have heard him, and repeated said calls; and if they further believe, that by reason of plaintiff's drunkenness, if the jury find that he was drunk, said plaintiff failed to notice or heed the warning so given by said conductor, if they believe such warning was given, and that he failed to get off the track and out of the way of said cars; and if they further believe, that immediately after discovering plaintiff upon the track, the defendant's agents diligently used all the means they then had at hand, and used all reasonable and proper endeavors to prevent running over or injuring plaintiff, then the plaintiff is not entitled, under the evidence in this case, to recover, although the jury may believe, from the evidence, that defendant's agents were guilty of negligence in running said cars prior to the time plaintiff was discovered on said track by defendant's agents.

7. That it is incumbent on the plaintiff to prove that the injury complained of was caused entirely by the negligence or default of the defendant's agents in the management of the cars causing the injury, and if the jury shall believe, from the evidence, that said accident was caused

by the want of ordinary care and prudence of the plaintiff, then the plaintiff is not entitled to recover in this action, and their verdict must be for the defendant; unless they further believe, that the plaintiff, at the time of the accident, was so drunk that he was unable, or failed by reason of his being drunk, to discover the approach of the cars, and to get off the track upon which he was injured; and unless they further believe, that the defendant's agents could have, by the use of due diligence and reasonable care, avoided the injury after they discovered him upon the track.

8. That if the jury believe, from the evidence, that the plaintiff was, at the time of the accident complained of in this case, crossing one of the tracks of the defendant, at the crossing on Williams' road, in Cumberland, and that before undertaking to cross said track, he did not make diligent use of his sense of sight and hearing to ascertain whether any trains of cars of defendant were moving on said track, towards said crossing, and if they further believe, that if he had made diligent use of his sense of sight and hearing, he would have discovered the cars that were so moving on said track in time to have avoided the injury complained of in this case, then the plaintiff is guilty of contributory negligence, and cannot recover.

9. That even if the jury believe, from the evidence, that the defendant's agents violated Rule No. 83, Time Book No. 26, offered in evidence in this case, by making a running switch, yet the jury cannot, under the pleadings and evidence in this case, take into consideration the violation of said rule in determining whether the defendant was guilty of negligence, unless they believe, from the evidence, that such violation of the rule directly contributed to cause the injury to the plaintiff complained of in this case.

10. That if the jury believe, from the evidence, that Rule No. 83, of Time Book No. 26, offered in evidence in

this case, was adopted by defendant simply for the protection and safety of its employés and property, then the jury cannot take said rule into consideration in determining whether the defendant was guilty of negligence which contributed to the accident in evidence in this case, (if they believe the defendant was guilty of such negligence,) by making a running switch at the point testified to by the witnesses, where the running switch was made.

11. That if the jury believe, from the evidence, that the injury complained of in this case was caused by the plaintiff going upon, and remaining on, the track of the defendant on which he was injured, whilst he was drunk; and if they further believe, that the defendant's agents were not guilty of any negligence in the running or management of the train which directly contributed to the injury, either before or after the plaintiff was discovered on the track by the defendant's agents, if the jury believe he was so discovered, then the plaintiff is not entitled to recover, and their verdict must be for the defendant.

The Court (LYNCH and VINSON, J.,) rejected the plaintiff's second prayer, and granted his third prayer. It rejected his first prayer as offered, but granted it modified as follows:

1. That if the jury find, from the evidence, that the defendant was, at the time of the happening of the alleged injury of which the plaintiff complains, the owner of a railroad, with several tracks running through the City of Cumberland, and across the streets and thoroughfares thereof, and was engaged in moving trains thereon, propelled by steam, then in the management of said trains the defendant was bound to use such care and caution to prevent injury to persons travelling along said streets, where they are crossed by said tracks, as prudent and discreet persons would have used and exercised under like circumstances; and that if they find from the evidence, that the plaintiff, on the night of the 27th of July, 1879,

whilst crossing the railroad of the defendant on Williams
street, in said city, was run over by the cars of the defend-
ant and injured as stated in the testimony of the witnesses,
and that such injury was occasioned by the negligence of
the defendant, or its agents in charge of said cars, and
that by the *exercise* of ordinary care and caution by the
defendant, or its agents, the accident occasioning such in-
jury could have been avoided; and provided they further
find, that the plaintiff could not, by the exercise of ordi-
nary care on his part, have avoided the consequences of
such negligence of the defendant, or its agents, the plain-
tiff is entitled to recover; and further, that if the jury find
for the plaintiff, they may consider the character of the
injuries received by him, how far they disabled him from
pursuing his ordinary occupation, and also the physical
and mental suffering to which he was subjected by reason
of such injuries, and allow such damages as, in their judg-
ment, would be a fair and just compensation for the same.

The Court rejected the defendant's first, second, fourth,
fifth, sixth, ninth, and tenth prayers, and granted its third,
seventh, eighth and eleventh prayers.

*Defendant's first and second Exceptions* were taken to the
admission of certain evidence.

*Defendant's third Exception* was taken to the rejection
of its first, second, fourth, fifth, sixth, ninth, and tenth
prayers.

The verdict and judgment were for the defendant, and
the plaintiff appealed.

The cause was argued before MILLER, ALVEY, ROBINSON,
IRVING, and RITCHIE, J.

*Ferdinand Williams*, and *William Walsh*, for the ap-
pellant.

*W. Irvine Cross*, and *A. Hunter Boyd*, for the ap-
pellee.

ALVEY, C. J., delivered the opinion of the Court.

In the trial of this case in the Court below the matters in issue were submitted to the jury, and this Court is not required, by any ruling that was made, to review the facts of the case. We have only to deal with the legal propositions as we find them embodied in the prayers offered by the respective parties. And the legal propositions involved and really applicable to the case would seem to be few and simple, and such as have been announced by this Court in repeated decisions.

The action having been brought for the alleged negligence of the defendant, whereby the plaintiff was injured, the general and leading proposition is, that the plaintiff must show the injury he received was occasioned exclusively by the negligence of the defendant. He is certainly not entitled to recover for the consequences of any negligence of his own. If therefore it be found that the plaintiff has himself been guilty of any negligence or want of ordinary care that has *directly* contributed to cause the accident, he can have no cause of action against the defendant for the injury received, though the latter may likewise have been guilty of negligence. And this whether the plaintiff was sober or drunk at the time the accident occurred.

This general proposition, however, is subject to another which is equally well established, and that is, that though the plaintiff may have been guilty of negligence, and that negligence may, in fact, have remotely contributed to the production of the accident, yet, if the defendant could, in the result, by the exercise of reasonable care and diligence, in view of the circumstances of the case, have avoided the accident, the plaintiff's negligence, being the more remote cause, will not excuse the defendant. In this case, therefore, if the plaintiff was in fact drunk, and failed to observe the reasonable precautions to avoid danger to himself while in the act of crossing the defendant's road tracks, or

while upon the tracks of the road, though improperly there, and under circumstances to constitute negligence on his part, yet, if the defendant's servants in charge of the train, after discovering the perilous situation of the plaintiff, could, by the exercise of reasonable care and diligence, have avoided the accident, they were bound to do so. If they possessed knowledge of the plaintiff's situation, and failed to make proper and reasonable exertions whereby he could have been saved, the defendant would be liable, though it was by reason of the negligence or drunken condition of the plaintiff that he was found in the situation of danger. In such case their failure to use due care and exertion would constitute negligence which would form the direct and proximate cause of the injury.

But, on the other hand, if the plaintiff was on the crossing, or at any other place on the road tracks of the defendant, in such condition as not to be able to take care of himself, or paid no heed to the warnings of the approach of the train; or if from negligence, or reckless indifference to the perils of his situation, he failed to observe the precautions necessary to his safety, and his situation was not known to those in charge of the train, and, while observing a careful lookout, was not discovered by them in time, by the use of reasonable care and diligence, to save him from injury, then his own want of care and reckless negligence in putting himself in such place of danger, would deprive him of all ground of action against the defendant. And this would be the case though there may have been negligence on the part of the defendant in detaching the engine from the cars and allowing the latter to run down the switch by their own momentum, or by the force of the grade. In such case, the negligence would be mutual or concurrent, and that of the plaintiff so directly contributing to the production of the accident as to preclude the right of recovery.

With these well settled principles in view, there is but little difficulty in passing upon the several prayers for in-

Kean *vs.* Balt. and Ohio Railroad Company.

struction that were ruled upon by the Court below. The theory of the first prayer offered by the plaintiff would seem to be correct enough, though it is greatly wanting in explicit reference to the facts bearing upon the question of the contributory negligence of the plaintiff. The very general terms in which that question was put to the jury, by that prayer, hardly gave them an intelligent guide for their consideration of the proper relation of that question to the other facts upon which the plaintiff sought to recover. Generalities, such as are employed in that prayer, in ordinary contemplation, mean little or nothing ; and the modification of the prayer by the Court did not add much to its perspicuity. As, however, the case is to be remanded for retrial, because of other defects in some of the instructions given, the defects suggested in the first prayer may then be corrected.

The second prayer offered by the plaintiff was properly rejected. It ignored the evidence of the contributory negligence of the plaintiff, and based the right of the plaintiff to recover too exclusively upon what was supposed to be the original negligence of the defendant. It failed in fact to direct the mind of the jury to the real question in the case, upon which the right to recover turned ; that is, the negligence of the plaintiff himself, and the failure on the part of the defendant to use reasonable care to avoid the consequences of such negligence.

In granting the third prayer offered by the defendant we think there was error. By that prayer the Court was required to say to the jury, that if the plaintiff was drunk, and by his drunkenness he had deprived himself of the exercise of his faculties, and that he would have been enabled, but for that condition, to have avoided the collision and prevented the injury complained of, the plaintiff could not recover, "unless the jury should find, that the defendant, by its agents, was guilty of wanton or wilful neglect, in not stopping the cars after the plaintiff was discovered on the track."

This is manifestly too strong a proposition. As we have already stated, it was the duty of the defendant, upon discovering the plaintiff upon the track, to use reasonable care and diligence to avoid the accident. It is not consistent with that rule of duty to instruct the jury that any conduct of the defendant's servants short of *wanton or wilful* neglect of duty, (as those terms might be understood by the jury,) in not stopping the cars after discovering the plaintiff on the track, would be justifiable; and such proposition is not sanctioned, we think, either by reason or authority. As before said, if the defendant discovers the negligence of the plaintiff in time, by the use of ordinary or reasonable care, to prevent the injury, and fails to make use of such care for the purpose, he is justly chargeable with reckless injury. But, in such case, to enable the defendant to make a defence, grounded upon the negligence of the plaintiff, he must show that he used, upon discovering the negligence of the plaintiff, reasonable and proper care to avoid the consequences of that negligence. Without this the defence cannot be maintained.

The seventh prayer of the defendant, which was granted, is too general in its terms, and fails to define with precision the relative duties of the parties, with reference to the facts of the case. It would seem, moreover, to be inconsistent with some of the other propositions granted by the Court. And the eighth, prayer of the defendant, also granted, is defective in omitting to submit to the jury the question as to the exercise of care and diligence on the part of the defendant, to avoid the consequences of the plaintiff's negligence.

Under the local law for Frederick County, where this case was tried, this Court is required to review the rulings and decisions of the Court below excepted to by the appellee as well as those excepted to by the appellant. (*Code, Pub. L. Law, Art.* 11, *secs.* 41, 42.) The defendant ex-

Kean *vs.* Balt. and Ohio Railroad Company.

cepted to the granting of the prayers on the part of the plaintiff, and to the rejection of several offered by the defendant.

The plaintiff's third prayer which was granted, we think ought to have been rejected. It is too general and indefinite to be a safe guide to the jury in a case like the present. It failed to bring to the attention of the jury any of the facts in relation to the alleged negligence of the plaintiff, except only the facts that he may have been drunk, and was on the defendant's road south of the crossing. As the prayer concluded to the right of the plaintiff to recover, all the facts available to the defence ought to have been submitted to the jury.

We discover no valid objection to either the first, second, fourth, fifth, sixth or ninth prayers of the defendant, and think they ought to have been granted. All these prayers, except the ninth, conclude against the right of the plaintiff to recover; and upon the principles we have stated, each of these prayers (except the ninth) would seem to present upon the facts being found as therein stated, a good defence to the action. The tenth prayer of the defendant we think was properly rejected.

The questions raised in the defendant's first and second bills of exception taken to the admissibility of evidence, have not been pressed in argument, and we do not understand that those exceptions are relied on. The use of the evidence objected to is limited and restricted by the second and ninth prayers of the defendant, which we say ought to have been granted.

For the errors in the rulings excepted to by the plaintiff the judgment must be reversed and a new trial ordered.

*Judgment reversed, and*
*new trial awarded.*

(Decided 9th January, 1884.)