Coös,  }
Dec., 1900.  }

## WHEELER v. GRAND TRUNK RAILWAY CO.

A declaration alleging the incapacity of a passenger upon a railroad train to care for himself, the company's knowledge of that fact and of his dangerous position, their ability to prevent injury to him and their failure to do so, and an injury due to such breach of duty, is not demurrable on the grounds that it does not state a legal cause of action and sets forth acts and conduct on the part of the plaintiff which constitute contributory negligence as matter of law.

In an action against a railroad company for injuries sustained by a passenger in falling from a car, the fact that the plaintiff was intoxicated, and for that reason failed to observe ordinary precautions for his safety, does not preclude a recovery when it appears that the defendants' servants in charge of the train, knowing the plaintiff's danger, condition, and incapacity, could have prevented the accident by the exercise of due care and neglected to do so.

Where an intoxicated person is accepted as a passenger by a common carrier, the company is chargeable with the knowledge of his condition and danger possessed by the employees in charge of the train.

A general exception to the charge to the jury is unavailing unless the attention of the court is specifically directed to the particular error claimed.

The denial of requests for specific instructions is not erroneous if their substance is included in the charge.

A request for instructions which states a proposition true in general, but not so in its application to the facts of the case on trial, is properly denied.

CASE, for negligence. The declaration was as follows: In a plea of the case for that the defendants are a corporation owning and operating a railroad between Berlin and West Milan in said county of Coös, and are common carriers of passengers and freight; that the plaintiff on, to wit, April 20, 1896, being in an intoxicated condition and unable to take due and proper care of himself, was received by the defendants as a passenger on said railroad by the

defendants; that the defendants' employees had knowledge of the plaintiff's said condition, but permitted him to ride unguarded in the baggage-car of said train, dancing and staggering near and between the two open side doors of said baggage-car, and that after knowledge of the plaintiff's condition as aforesaid, and of his proximity to and danger from falling out of said doors, the defendants were able to prevent the plaintiff's falling out of the same by the exercise of proper care; that by reason of the negligence of the defendants' employees in so receiving and not properly caring for the plaintiff after they knew his condition and danger, he was thrown from said train and injured.

The defendants demurred, assigning as grounds: (1) That the declaration did not set forth a legal cause of action; (2) that it did not allege that the plaintiff was in the exercise of due care; and (3) that the declaration sets forth acts and conduct on the part of the plaintiff at the time of the injury complained of which in law amount to contributory negligence. The demurrer was overruled, subject to exception.

The plaintiff offered evidence tending to support the allegations of the declaration. The defendants' motion that a verdict be directed for them was denied, subject to exception. The defendants excepted to an instruction that the defendants were chargeable with the knowledge their conductor and baggage-man had, both as to the plaintiff's condition and danger, and excepted generally to the charge as given. They also excepted to the refusal to give certain instructions requested in writing by them, the substance of which was that if the jury found that the plaintiff himself was negligent, and that his negligence materially contributed to produce the injury complained of, he could not recover.

*Crawford D. Hening* and *Albert S. Twitchell*, for the plaintiff.

*Chamberlin & Rich* and *Clarence A. Hight* (of Maine), for the defendants. At the time of the accident upon which this case is based, the plaintiff was a passenger on one of the defendants' trains. Instead of riding in one of the passenger coaches, where there was abundant accommodation, he was riding in the baggage-car, where there was no accommodation for passengers, entirely of his own free will, without compulsion, invitation, or suggestion on the part of the defendants, but with the knowledge and the tacit consent of the defendants' conductor and baggage-man. One or both of the side doors of the baggage-car were open. Trunks were standing in the car, and one stood on end about eighteen inches from one of these open side doors. The train was an express train, running at the rate of forty or fifty miles an hour around curves. There

was nothing whatever defective with the defendants' tracks, equipment, selection of servants, or the general management of the train. The plaintiff was amusing himself by singing, laughing, talking, and dancing, moving back and forth, sometimes passing near, and sometimes in front of and between, the open side doors, and sometimes being back near the end of the car and away from the doors. As the plaintiff was in the act of dancing and stepping about in the manner described, the train struck a curve, and the car lurched in the usual manner. The plaintiff stepped to one side with the lurch, leaned for a fraction of a second against the trunk which was standing near the door, and in the same instant, with the momentum of the train and of his dancing, pitched backward through the open door and received the injuries complained of. At the time of the accident, the baggage-man was in the end of the car furthest from the plaintiff, doing some writing in connection with his work. The conductor was in the car, probably not more than eight or ten feet from the plaintiff and the open door. For the purpose of this argument, it is admitted that the conductor had been present in the car some moments, watching the dancing of the plaintiff, whom he knew to be intoxicated. The baggage-man had been in the car all the time that the plaintiff had been there, had been busy about his work, but had seen the performances and knew that the plaintiff was intoxicated.

I.   At the close of all the evidence a verdict should have been directed for the defendants because the plaintiff was in law guilty of negligence. Suppose that the plaintiff had been entirely sober; that he had unnecessarily taken his position in the baggage-car of an express train, and had been amusing himself, as sober rowdies frequently do, with dancing, stepping, and jostling about with the swaying motion of the car, passing to and fro near the open doors of the car; that the train, moving at the rate of forty or fifty miles an hour, had struck a curve, the car had lurched in the usual manner, and the plaintiff, in the midst of his dancing, had been thrown through the open door : there is no question whatever as to what the decree of the court would be in such a case.

It is a matter of common knowledge that a baggage-car is not the place provided for passengers, nor the proper place for passengers to ride, and that a passenger assumes risks in riding there. It is a matter of common knowledge and experience that it is dangerous to step back and forth in front of the open doors of a baggage-car moving swiftly around curves, and that it is still more dangerous and reckless to hop, jump, and dance about in a swaying baggage-car in front of these open doors. The court knows that the place is dangerous to a sober man in the full control of his bodily powers. There is no question of fact to be left to a jury

610 WHEELER v. RAILWAY. [70

as to whether or not such a man would be negligent. As matter of law such action is negligent. There is not a court in existence that would not hold such action on the part of a sober man to be negligence.

Such action on the part of a sober man being negligence, what would be the effect of like action on the part of an intoxicated man? Is there anything in the fact of his intoxication which will prevent his action from being negligent? The man's acts would have been negligent if he had been sober; they are none the less negligent from the fact that he was intoxicated; hence, in all argument and discussion of this case it can be taken as an established proposition that the plaintiff was in law guilty of negligence.

II. (*a*) A verdict should have been directed for the defendants because the plaintiff's inexcusable negligence contributed to and was the proximate cause of his injury. It is hardly necessary to argue that the plaintiff's negligence was inexcusable. The only possible excuse that can be offered for his failure to exercise due care is the fact that he was intoxicated. It would be destructive to our whole body of law, civil and criminal, if voluntary intoxication were to relieve men from their responsibilities and duties, and excuse them for their wrongdoing and the consequences thereof. The law does not recognize such an excuse.

We have, then, a case where the plaintiff was, as matter of law, guilty of negligence for which he has no legal excuse, and the consequences of which he must bear. The only question left for discussion is as to the legal relation of his inexcusable negligence to his injury; and the rule of law which must be kept in mind in discussing this question is the simple, elementary rule that if his inexcusable, negligent conduct contributed to produce the injury complained of, he cannot recover.

Keeping this principle of law clearly in mind, did the plaintiff's negligent conduct contribute to his injury? This is the real question in the case; and in passing on it let the court leave out of consideration the fact that the plaintiff was intoxicated, and take again the case of a sober man, acting as he acted, under precisely similar circumstances. It is not possible that any court would say that such actions on the part of a sober man did not contribute to produce his injury. The man's negligent conduct would not only be immediately connected with the accident as a cause of it, but it would be so closely connected with the accident in point of time as to be coincident with it and part of it. The final, negligent hop, step, and jump would be actually part of his injury. Such action on the part of a sober man would, under the circumstances stated, contribute to his injury, and would be in law and in fact a proximate cause of the injury. No other reasonable in-

ference or conclusion could be drawn. In the case of a sober man, it would be the duty of the court to direct a verdict for the defendants.

This case differs from that of the sober man only in the fact that the plaintiff was undoubtedly intoxicated. His acts were negligent. If he had been sober, they would have constituted contributory negligence. Is there anything in his intoxication that prevents his negligence from being contributory? Considerable time and space have been devoted to the question as to how drunk the plaintiff was. It has seemed to be the idea that the drunker he was the better off his case would be; that if he could only be made drunk enough, he would be outside the line of contributory negligence and safe in his right to recover. In the declaration it is stated, as a point favorable to the plaintiff, that he was in an intoxicated condition and not capable of taking care of himself. In the charge to the jury a similar expression is used. The jury were told that before they could give the plaintiff a verdict they must be satisfied that he was "so much under the influence of liquor or so drunk at the time the accident happened, that he was irresponsible or incapable of taking care of himself under the circumstances in which he was placed."

The allegation in the declaration that the plaintiff was intoxicated and incapable of taking care of himself is not in any sense an allegation helpful to the plaintiff. It is, first of all, an allegation that he was not taking care of himself,— not exercising due care. The only excuse given for his negligence is that he was too drunk to exercise due care, which is certainly as matter of law no excuse at all. The allegation, therefore, is nothing more nor less than an allegation that the plaintiff was negligent, and that he was absolutely without excuse for being negligent. The expression in the charge, that before the jury could give the plaintiff a verdict they must be satisfied that he was "so much under the influence of liquor or so drunk at the time the accident happened, that he was irresponsible or incapable of taking care of himself under the circumstances in which he was placed," is not in any sense the equivalent of a straight charge on the question of contributory negligence; and without such charge on the question of contributory negligence in the usual form, the instruction is entirely misleading.

The plaintiff could not be irresponsible in law by reason of drunkenness. If he was incapable of taking care of himself because he was drunk, he was simply failing to exercise due care without legal excuse. If his actions would have been negligent if he had been sober, they were none the less negligent if he was drunk. His drunkenness did not excuse or shield him from the

consequences of his acts.   A discussion of how drunk the man was is immaterial in the determination of the real question: Did his negligence contribute to his injury? It may have a bearing on the extent or degree of care or negligence on the part of the defendants; but even if the defendants were negligent and careless, the question whether the plaintiff's negligence contributed to his injury is as vital a question as ever.   Drunkenness or degrees of drunkenness do not draw legal lines which in any way affect this question.   Drunkenness does not in any sense, either in fact or law, remove the plaintiff's acts one particle from his injury, either in point of time, or in point of cause and effect.   The plaintiff was actually moving about, stepping to and fro, sometimes near the door, sometimes away from it, experimenting with the lurching of the car and the swaying of the floor beneath him. His last dancing steps as the car struck the curve took him out of the car door.   It is impossible to argue the question stronger than by a statement of the facts.   Such actions would constitute contributory negligence on the part of a sober man, and they are none the less contributory negligence by reason of the plaintiff's intoxication.

While we understand that intoxication may be evidence of negligence, we do not rely upon the plaintiff's prior intoxication as conclusive evidence of his contributory negligence.   We rely entirely on the acts of the plaintiff at the very instant of the accident.   Those acts were negligent, they were without legal excuse, and they were the proximate cause of the injury.   It is not necessary to cite authorities to support this line of argument.   Every case heretofore decided by this court and by every other court, so far as we know, supports our position.

(*b*)   The court erred in that it did not instruct the jury as requested, that if the plaintiff was guilty of contributory negligence he could not recover.   The jury were instructed that in order to find a verdict for the plaintiff they must first find that he was so much under the influence of intoxicating liquor or so drunk as to be incapable of taking care of himself; that the defendants knew of his incapacity and danger, and after they had such knowledge could have prevented the injury by due care. We believe this instruction gave the jury an entirely erroneous idea of the law, and tended to lead them from the real issue in the case, if there was one for their consideration.   Under it, they were first to determine whether the plaintiff was too drunk to exercise due care,— that is, whether he was negligent without any other excuse than drunkenness, which is not a legal excuse. They were led to believe by this instruction that if the plaintiff was too drunk to exercise due care,— in other words, if he

was inexcusably negligent,— he was, to a certain extent, protected; that if they should reach this conclusion, they would have established one point in the plaintiff's favor. Then if they found knowledge on the part of the defendants and carelessness after knowledge, the plaintiff was to have his verdict.

This instruction is not equivalent to that requested. It is not only misleading on its face, but the more closely it is scrutinized the more misguiding it appears. It is quite possible that the defendants might have prevented the accident by closing the door or sending the plaintiff into a passenger car some time before the accident happened. Perhaps the defendants were negligent in this particular, but it is certainly true that the plaintiff was also negligent; in fact, the jury must have found him negligent before considering the question of the defendants' negligence. It cannot be denied that the plaintiff could have prevented this accident at any moment. Up to the very time of the accident he could have ceased his dance. When things came to such a pass that he could no longer prevent the accident (which was not until the accident itself began to happen), it was also impossible for the defendants to intervene. The rule of law given by the court might apply to a man asleep on the track, but not to the plaintiff. The case at bar, viewed in the light most favorable to the plaintiff, presents an instance of coincident negligence; and the only correct rule in such a case is the elementary one: that if the plaintiff's negligence contributed to his injury, he cannot recover.

PARSONS, J.   If the position occupied by the plaintiff at the time of his injury was dangerous to one in full control of his bodily powers, or dangerous to the plaintiff only because of his lack of such control, the plaintiff's own act produced the dangerous situation from which his injury resulted. If his failure to exercise the care of a person of ordinary prudence placed him in this situation, dangerous to him on either ground, the fact of his intoxication would not excuse him. If his act would have been negligence in a sober man, he was none the less guilty of negligence if intoxicated. For an injury resulting from prior or concurrent negligence of the defendants to which his negligence contributed, he could not recover. But if the defendants, with knowledge of the plaintiff's danger, in the performance of the duty owed by them could have prevented the injury, they were bound to do so; and their breach of duty would be the legal cause of the injury unless at the time of the injury the plaintiff by the exercise of due care could have avoided it. If the plaintiff could not have prevented the injury to himself, and the defendants could by the care the situation required of them, they are liable if they

did not, although the plaintiff's inability resulted from his prior negligence or intoxication. "If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except it may be as one of the circumstances by which the requisite measure of care is to be determined. In such a case the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior misconduct. The latter . . . is the cause of the danger; the former is the cause of the injury." *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 164; *Inland etc. Co.* v. *Tolson*, 139 U. S. 551, 558; *Grand Trunk R'y* v. *Ives*, 144 U. S. 408, 429; *State* v. *Railroad*, 52 N. H. 528, 537; *Brember* v. *Jones*, 67 N. H. 374; 1 Shearm. & Red. Neg., ss. 99, 100; Cool. Torts 674; Pierce R. R. 374.

The plaintiff was not a trespasser to whom the defendants owed no duty except not actively to injure him. *Buch* v. *Company*, 69 N. H. 257. If he were, in spite of his prior misconduct the defendants would be liable for negligently running upon him. *Edgerly* v. *Railroad*, 67 N. H. 312. He was the defendants' passenger. Upon them was imposed the duty of carrying him safely, so far as it could be done by the exercise of the care demanded by the circumstances. *Taylor* v. *Railway*, 48 N. H. 304. Whether the defendants, knowing the plaintiff's dangerous position and his incapacity to protect himself or to appreciate the danger, could have prevented the injury, is a question of fact. Whether under the circumstances the care which the defendants owed the plaintiff was such that by its exercise the injury would have been prevented was also a question for the jury. *Monroe* v. *Lumber Co.*, 68 N. H. 89, 93. The defendants' answer is that the plaintiff's incapacity was produced by his voluntary intoxication. But if it were established that the plaintiff's incapacity and irresponsibility were known to the defendants, the cause of his condition is entirely immaterial. Intoxication will not of itself prevent a recovery. It will not excuse the plaintiff's non-exercise of care, and will not prevent his recovery if he exercised such care as the law required. *Maguire* v. *Railroad*, 115 Mass. 239; *Alger* v. *Lowell*, 3 Allen 402; *Kean* v. *Railroad*, 61 Md. 154; *Cincinnati etc. R. R.* v. *Cooper*, 120 Ind. 469; Wood R. R., s. 319a; Beach Cont. Neg., s. 146; 1 Shearm. & Red. Neg., ss. 93, 94; Pierce R. R. 295; 2 Tag. Torts 1091; Bus. Pers. Inj., s. 147.

The declaration alleged the plaintiff's incapacity to care for himself, the defendants' knowledge of that fact and of the dangerous position he was in, their ability to prevent the injury by due care and their failure to do so, and that the plaintiff's injury was due to the defendants' breach of duty. These facts constituted a cause of

action, and the demurrer was properly overruled. It was conceded on argument that the formal allegation of the plaintiff's due care or absence of fault was unnecessary.

Upon the questions of fact presented to the jury there was evidence tending more or less strongly in favor of the plaintiff's contentions. The motion for a verdict was properly denied. The general exception to the charge is unavailing without a specification calling the attention of the court to the particular error, that it may be corrected. *Emery* v. *Railroad*, 67 N. H. 434.

A special exception was taken to the instruction that the defendants were chargeable with the knowledge of their conductor and baggage-man. The defendants, a corporation, could act only through agents and servants, and the individuals named were in charge of its business on this occasion. The conductor was in charge of the train, and the baggage-man of the car in which the injury happened. The instruction was proper.

The defendants requested the court to instruct the jury that if they found " that the plaintiff himself was negligent, and that his negligence materially contributed to produce the injury complained of, he cannot recover." This request was repeated in various forms involving the same principle of law. The instruction was not given in the form requested. The instruction asked correctly states an elementary legal proposition, and the question is whether the rule asked for was in substance, so far as it was applicable to the evidence, included in the instructions given. We think that it was. When proper instructions are given it is no ground of exception that they are not given in the form requested. *Walker* v. *Walker*, 64 N. H. 55. If a request to charge the jury states a proposition true in general, but not so in its application to the case on trial, the instruction should not be given. *Atherton* v. *Tilton*, 44 N. H. 452, 456; *Clark* v. *Wood*, 34 N. H. 447, 453. The contentions of the defendants are (1) that such contributory negligence conclusively appears upon the evidence; and (2), if this contention is not sustained, that the specific instruction requested should have been given.

It may be assumed that the plaintiff was negligent and careless in boarding the defendants' train in his intoxicated condition, and in occupying, in that condition, up to the moment of the accident, the exposed position which he did in the baggage-car. This appears to have been conceded at the trial. The question is : Did this negligence in a legal sense contribute to the injury ? If it did, the defendants are entitled to a verdict. The jury were instructed in part as follows :

" In this case the plaintiff must show you that he was so much under the influence of liquor or so drunk at the time the accident

happened that he was irresponsible or incapable of taking care of himself under the circumstances in which he was placed; that the defendants knew of his condition at the time the accident happened; and that after they knew of the plaintiff's condition and his danger they could have prevented the accident by the exercise of due care. If the plaintiff fails to satisfy you of any of these facts, his case falls. When a man in his senses exposes himself voluntarily to apparent danger, he is not in the exercise of that care which the law makes it the duty of every man to take to prevent injury to himself; and drunkenness will not relieve the plaintiff from the exercise of the care required of people in general. But while drunkenness will not excuse the exercise of due care on the plaintiff's part, still, if the plaintiff was so completely under the influence of liquor or so drunk at the very time of the accident that he was irresponsible or incapable of taking care of himself, and the defendants knew of his condition and danger in time to prevent the accident, and did not use due care to prevent it, they were in fault. . . . In this case, while the defendants were not under obligation to accept the plaintiff as a passenger in the condition he tells you he was, still, if they did accept him when they knew he was so much under the influence of liquor that he was irresponsible or incapable of taking care of himself under the circumstances in which he was placed, or if they permitted him to remain on their train after they became aware of his condition, it was their duty to use due care to prevent injury to him; and due care would be the exercise of such care as a reasonably prudent man would exercise, situated in precisely similar circumstances as the facts show you existed at the time of this accident. In this case, if the defendants knew the plaintiff's condition, and could have prevented the accident by the exercise of due care, they are in fault; but if the defendants, after they knew of the plaintiff's condition, could not have prevented the accident by due care, they are not in fault. This is predicated on the fact that you find that the plaintiff was so much under the influence of liquor that he was irresponsible or incapable of taking care of himself."

These instructions clearly and forcibly stated the rights and duties of the parties, and the legal principles involved were repeatedly impressed upon the attention of the jury. The instructions assume, in effect, the plaintiff's guilt of negligence in occupying the position he did at the time of the accident; for the jury were told that the plaintiff must fail unless at the time of the accident he was incapable of taking care. What was said includes the instruction requested and more; for the request left it to the jury to say whether by the exercise of care at the time of the accident the plaintiff could have avoided the injury, while the charge

assumed that by the exercise of care at that time he could have avoided the injury, because the jury were told that he could not recover unless incapable of care. Hence the charge was more favorable to the defendants than the requested instruction. It included that and more. Whether the charge is correct in assuming that a sober passenger who stands in an open baggage-car and does not keep himself from being thrown out by the lurch of the train is guilty of contributory negligence under all circumstances we need not inquire, because the defendants cannot complain of an error in their favor. *Mandigo* v. *Healey*, 69 N. H. 94, 96.

The question in the case is: Was the plaintiff's negligent conduct in becoming intoxicated, and placing himself, while intoxicated, in a position, where, by reason of his intoxication, he was incapable of preventing injury to himself, the legal cause of the injury? It must be conceded that the defendants were bound to exercise care for the plaintiff's safety, having accepted him as a passenger. If in a given situation they could, by the exercise of the care demanded by the situation, save him from harm which by like care he could not avoid, they are liable. One element requisite to the determination of the care required is the knowledge of the danger possessed by each party.

The plaintiff's intoxication may be laid entirely out of the case, except upon that question. Take the case of a sober passenger, standing between the open doors of a car, or dancing about in the car, who does not know that what he is doing is attended with danger, while the railroad officials standing by know both the danger and the passenger's ignorance of it. It was decided in 1808, in *Dudley* v. *Smith*, 1 Camp. 167, that the driver of a stagecoach, before passing through any place that is dangerous, is bound to inform the passengers of the full extent of the danger; and if he proceeds without giving them this information, the proprietor is liable for any injury which they may suffer, which they might have escaped by alighting. The failure of the railroad employees to warn the passenger of the danger, to him to their knowledge unknown but to them known, would be clearly a breach of duty which would render the carrier liable for any injury due to the lack of warning. The case supposed differs from the present only in the fact that the plaintiff's want of knowledge, incapacity, and irresponsibility were produced by his own negligence. But one's inability to escape danger because of his own negligence does not authorize another negligently to injure him. "The law no more . . . justifies an avoidable injury to the person of one who carelessly exposes himself to danger, than to his property similarly situated in his absence. He who cannot prevent an injury negligently inflicted upon his person or property by an intelligent agent

'present and acting at the time' is legally without fault, and it is immaterial whether his inability results from his absence, previous negligence, or other cause." *Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 163; *Brember* v. *Jones,* 67 N. H. 374, 376. In such case the legal cause of the injury is not the negligence of the one carelessly exposing his person to injury which he cannot avoid, but the negligence of him who might have avoided the injury but did not.

It is urged that, as intoxication is no excuse for want of care, if the plaintiff was incapable of taking care of himself because he was drunk, he was simply failing to exercise due care without due excuse. This is only saying that he was negligent in occupying the position he did, in the condition he was in. But his negligence did not excuse or justify negligence in the defendants in their care of him; and if by the exercise of due care they could have avoided injury to him, they were bound to do so, and their failure to do so, if they could, is the legal cause of the injury.

It is urged that the remaining in the car up to the very moment of the accident was negligence continuing to the very moment of the accident. Up to the very time of the accident it is said the plaintiff could have ceased his dance. When things came to such a pass that he could no longer prevent the accident, which was not until the accident itself began to happen, it was too late for the defendants to interfere; that it was, at most, a case of coincident negligence, and therefore the rule of contributory negligence ought to have been given. It is conceded that the rule given at the trial might apply to the man asleep on the track, but not to this case. The argument leaves out of consideration the material point of the defendants' knowledge of the danger and of the plaintiff's incapacity. If the negligence claimed was that the defendants negligently ran their train upon the curve at an excessive speed, whereby the plaintiff was thrown off, the defendants being ignorant of the plaintiff's peculiar danger, the plaintiff's negligent occupation of an exposed position would defeat his recovery, if contributing to his injury. The rule as to contributory negligence would apply. The plaintiff's intoxication would be no excuse. If what he did or was doing would defeat the action of a sober man, it would defeat him. To such a state of facts the defendants' argument and request for instructions would be entirely applicable.

The present case, in principle, is exactly that of an intoxicated man who wanders upon the track without care for his safety. His intoxication does not relieve him from the result of his negligence, but it does not excuse the defendants for the breach of their duty not carelessly to injure him, nor authorize the engineer,

who sees him upon the track and knows he is incapable of saving himself, to run over and kill him. *Kean* v. *Railroad*, 61 Md. 154, 157. The failure of the drunken man to see and avoid the train at the time of the accident is not the legal cause of an injury which, in spite of his negligence, the engineer could have foreseen and avoided by ordinary care, as in *Brember* v. *Jones*, 67 N. H. 374, the negligence of the defendant in being upon the wrong side of the road at the time of the collision was not the legal cause of the injury, if the collision could have been avoided by the exercise of ordinary care by the plaintiff.

In this case the legal cause of the injury is not the plaintiff's failure to care for himself when incapacitated to do so by his intoxication, if by the exercise of ordinary care the defendants could have prevented it. The plaintiff, to the defendants' knowledge, being incapacitated from exercising any care, the question of contributory negligence is not involved. *Bisaillon* v. *Blood*, 64 N. H. 565. In this case the plaintiff's irresponsibility and incapacity to take care, to the defendants' knowledge, is the determining element upon the question of the care of both parties. The case was so put to the jury.

It is also claimed that the evidence does not warrant a finding that the plaintiff had so far lost his bodily powers as to be incapable of exercising care. Reference to the reserved case answers this claim. It is there stated that "the plaintiff's evidence tended to show that . . . he was received as a passenger by the defendants when so much under the influence of liquor as to be both physically and mentally incapable of taking care of himself." Whether there was or not such evidence is a question of fact settled at the trial term. *Edwards* v. *Tilton Mills*, *ante*, p. 574; *Gamsby* v. *Columbia*, 58 N. H. 60.

It is conceded that the plaintiff was drunk. Whether his drunkenness so affected him as to render him incapable of appreciating or understanding the dangerous position in which he was, or of protecting himself from its hazards, although he was able to talk, laugh, sing, and dance about, is a question of fact and not of law. It cannot be said as a matter of law that a man may not be able to do all that the plaintiff did, and still be so affected by the intoxicants of which he had partaken as not to appreciate or understand the danger of riding in a car with open side doors, or of stepping near the doors. The defendants took no precautions to guard their passenger; they did not even warn him of the danger to which he was exposed when they knew he was irresponsible and incapable of taking care of himself. The case does not present the question of the general duty of a railroad to take care to guard an intoxicated passenger from rushing into danger. The

question is simply whether, knowing he is in danger which he is incapable of understanding or guarding against, they are not bound to save him, if they can by ordinary care.   Leaving out of sight the immaterial fact of the cause of the plaintiff's incapacity, the question is whether a jury may not find that, in the exercise of the care in transportation required of them, a railroad corporation, knowing that a passenger is in a dangerous position,— the danger of which he does not know, and which they know he is ignorant of and powerless to avoid,— are under obligation to do something to prevent the injury.   To this question there can be but one answer upon reason and the authorities.   *N. & W. R. R.* v. *Ferguson,* 79 Va. 241 ; *St. Louis etc. R. R.* v. *Carr,* 47 Ill. App. 353 ; *Strand* v. *Railway,* 67 Mich. 380 ; *Fisher* v. *Railroad,* 39 W. Va. 366,— *S. C.,* 42 W. Va. 183.   Whether the plaintiff's intoxication was or was not in violation of the statute is immaterial upon the question of the defendants' breach of duty.   *Brember* v. *Jones, supra.*

*Exceptions overruled.*

YOUNG, J., did not sit: the others concurred. ·