[Civ. No. 358.   Third Appellate District.—July 12, 1907.]

BARNEY DOHERTY, Respondent, v. CALIFORNIA NAVIGATION AND IMPROVEMENT COMPANY, Appellant.

NEGLIGENCE—DRUNKEN PASSENGER ON VESSEL—CONTRIBUTORY NEGLIGENCE—DUTY OF CAPTAIN TO USE CARE TO AVOID INJURY.—Notwithstanding the contributory negligence of a passenger on a vessel in being drunk and in lying in stupor on the floor of the vessel, it is the duty of the captain, who knows his condition, to use reasonable care to avoid injuring him.

ID.—INJURY THROUGH NEGLIGENCE OF CAPTAIN—LIABILITY OF OWNER.— Conceding the right of the captain to remove the drunken passenger from a place of danger near the cabin door, yet, where he knew his drunken and helpless condition, and raised him to his feet and negligently left him standing without support, and, as a result, the drunken man, being unable to support himself, fell to the floor and broke his arm, the owner of the vessel is liable for the resulting injury.

ID.—LAST ABILITY TO AVOID DANGER.—He who knows of a danger and can avoid it, as against one who does not in fact know the danger, or as against one within whose power does not lie the ability to avoid it, is responsible for the injury, notwithstanding the injured person had placed himself in the position of danger through his own negligence.

ID.—AMENDMENT OF COMPLAINT TO CONFORM TO PROOFS—DISCRETION.—
The court had discretion, under section 473 of the Code of Civil
Procedure, to allow the complaint to be amended to conform to the
facts announced by the judge as having been proved, and where
no abuse of discretion is made to appear, the court's action will not
be disturbed upon appeal.

ID.—IMMATERIAL FINDING AGAINST EVIDENCE—SUPPORT OF JUDGMENT.—
The fact that one of the findings is not supported by the evidence
is immaterial, where the judgment for the plaintiff is amply sup-
ported by the other findings which are sustained by the evidence.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order denying a new trial.
Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Arthur L. Levinsky, for Appellant.

The findings are against the evidence.    Intoxication does not
excuse the omission to use the same care and prudence which
are required of a sober man under the same circumstances, to
protect himself against injury.    (*Fisher* v. *West Virginia
& P. R. Co.,* 42 W. Va. 183, 24 S. E. 570, 33 L. R. A. 69;
*Price* v. *Philadelphia W. & R. R. Co.,* 84 Md. 506, 36 Atl.
263, 36 L. R. A. 213; *Milliman* v. *N. Y. C. & H. R. R. Co.,*
66 N. Y. 643; Beach on Contributory Negligence, sec. 151;
1 Thompson on Negligence, p. 450; Wharton on Negligence,
sec. 306; *Missouri Pac. R. Co.* v. *Evans,* 71 Tex. 361, 9 S. W.
325; *Strand* v. *Chicago & W. M. Ry. Co.,* 67 Mich. 385, 34
N. W. 712; *H. & T. C. Ry. Co.* v. *Sympkins,* 54 Tex. 615, 38
Am. Rep. 632; 6 Am. & Eng. R. R. Cas., p. 16; *Roseman* v.
*Caroline Central Co.,* 112 N. C. 709, 34 Am. St. Rep. 524,
16 S. E. 766, 19 L. R. A. 327-330.)    The judgment is ex-
cessive under the evidence.    The plaintiff should not have been
allowed to amend his complaint after the evidence was all
in.

W. N. Rutherford, and D. M. Young, for Respondent.

All the material findings are supported by the evidence;
and the amount awarded is not excessive, but is warranted by
the evidence.    If defendant had notice of plaintiff's helpless
condition, and placed him upon his feet and turned him

loose without support, and plaintiff fell, and sustained the injury complained of, defendant is liable even though plaintiff's helpless condition was brought about by his prior negligence in getting drunk. (*Esrey* v. *Southern Pacific Co.*, 103 Cal. 541, 37 Pac. 500; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 518, 98 Am. St. Rep. 85, 74 Pac. 15; *Lee* v. *Market St. Ry. Co.*, 135 Cal. 293, 67 Pac. 765; *Weedham* v. *San Francisco and San Jose R. Co.*, 37 Cal. 409; *Kline* v. *Central Pacific R. R. Co.*, 37 Cal. 400, 99 Am. Dec. 282; *Scharbold* v. *North Beach R. Co.*, 40 Cal. 447; *Wheeler* v. *Grand Trunk Ry. Co.*, 70 N. H. 607, 50 Atl. 103, 54 L. R. A. 955; *Fisher* v. *West Vir. & Pittsburg R. Co.*, 39 W. Va. 366, 19 S. E. 578, 23 L. R. A. 758; *Haug* v. *Great North. Ry. Co.*, 8 N. Dak. 23, 73 Am. St. Rep. 727, 77 N. W. 97, 42 L. R. A. 664; *Kingston* v. *Ft. Wayne & Elwin Ry. Co.*, 112 Mich. 421, 70 N. W. 315, 74 N. W. 230, 40 L. R. A. 131; *Louisville & Nashville R. R. Co.* v. *Johnson*, 108 Ala. 62, 19 South. 51, 31 L. R. A. 372; *Fox* v. *Michigan Central R. R. Co.*, 138 Mich. 433, 101 N. W. 624, 68 L. R. A. 336; *Louisville etc. R. R. Co.* v. *Sullivan*, 81 Ky. 624, 50 Am. Rep. 186; *Meyer* v. *Pac. Ry. Co.*, 40 Mo. 151; *Weymire* v. *Wolf*, 52 Iowa, 533, 3 N. W. 541.) The amendment to the complaint was properly allowed to conform to the proofs after the cause was admitted. (*Hancock* v. *Board of Education of Santa Barbara*, 140 Cal. 554, 74 Pac. 44; *Bear* v. *Storeman*, 104 Cal. 49, 37 Pac. 777, 38 Pac. 39.) The cause of action was not changed. The amendment pertained wholly to the manner in which the injury was inflicted. The gist of the action is for damages for injuries inflicted by defendant's neglect of duty. (*Esrey* v. *Southern Pac. Co.*, 103 Cal. 541, 37 Pac. 500.)

CHIPMAN, P. J.—Action for personal injury. The cause was tried by the court sitting as a jury. Findings and judgment were for plaintiff, and the damages for the injury received by him were assessed at $575. Defendant appeals from the judgment and from the order denying its motion for a new trial.

Plaintiff paid his fare and took passage on defendant's steamer at San Francisco bound for the city of Stockton. The circumstances attending the injury and the facts upon which the judgment rests are concisely set forth in the following findings:

"Fourth.    That after the payment by said plaintiff to the defendant of said fare, and while plaintiff was on said steamer as a passenger on his way from said City of San Francisco to said City of Stockton, and before the completion of said trip, the servants and agents of the defendant, employed by said defendant in and upon said steamboat, 'T. C. Walker,' and in the operation thereof, and who were at said time in charge of and in the management and control of said steamer 'T. C. Walker,' to wit: the Captain of said boat, carelessly and negligently raised plaintiff from the floor of said steamboat where plaintiff was lying in an intoxicated condition, and placed plaintiff upon his feet and carelessly and negligently turned plaintiff loose and left him standing upon the floor of said boat unsupported while intoxicated and unable to stand without support, and that by reason of thus being raised from the floor and left standing without support when intoxicated, and being unable to stand without support plaintiff was caused to fall upon the floor of said steamboat and by reason of said fall plaintiff's left arm was broken.

"Fifth.    That at the time the said Captain of said boat raised plaintiff from the floor of said boat and left him standing unsupported, plaintiff was intoxicated to a degree of helplessness and was unable to stand unsupported; was asleep or apparently asleep and was limp and made no attempt to get on his feet, or to either assist or resist being placed upon his feet, and that before placing plaintiff upon his feet and turning him loose the said Captain had knowledge of plaintiff's drunken and helpless condition, and of the fact that he was asleep or apparently asleep and knew that he was liable to fall and sustain injury if placed on his feet and left standing unsupported.

"Sixth.    That plaintiff was intoxicated when received as a passenger by defendant as herein found, and that at and before the time plaintiff was so received, the said Captain of said boat knew that plaintiff was intoxicated to such an extent as rendered it necessary for him to have support to enable him to stand upon his feet; and said Captain knew that plaintiff continued to drink after taking passage on said boat and before he was injured.

"Seventh.    That plaintiff's said injury was not proximately caused by his own carelessness or negligence or contributory negligence, or by his drunkenness, but was proximately caused

by the negligent act of the Captain of said boat in placing him on his feet and turning him loose unsupported when drunk to a degree of helplessness and asleep or apparently asleep.

"Eighth.   That by reason of the breaking of plaintiff's arm as above found, he suffered physical pain, and was for five months incapacitated from working, and that his arm is still sore and painful, and will be for some time, when employed at labor, by reason of all of which plaintiff has been damaged in the sum of four hundred and seventy-five dollars, and that plaintiff was compelled to and did employ a physician and surgeon to treat his said arm and incurred an indebtedness therefor of one hundred dollars, and that he was thereby further damaged in the sum of one hundred dollars."

Appellant's main contention is that the decision and judgment are not supported by the evidence.   There is evidence that plaintiff was intoxicated when he came aboard the steamer.   The captain testified: "When I first saw him on the dock he was drunk, but he was able to walk; that is, by steadying himself against the passenger gangway.   He always steadied himself.   I did not see him walk without any support.   I was apprised of the fact by what I saw that he needed support to stand alone."   Plaintiff found his way to the cabin and not long after the steamer was under way he was found lying on the cabin floor in the smoking-room.   An unsuccessful effort was made to arouse him and set him onto a seat, but he soon resumed his sprawling position on the floor. The attention of the captain was called to him by Mr. Fraser, the purser.   The captain testified: "I went with Mr. Fraser and told him to get off the floor and he never paid any attention to me.   He was asleep.   I picked him up off the floor, that is, I picked him up off the floor and stood him on his feet.   When I got him on his feet he was standing very nearly erect and I let go again, and when I let go of him he stood for a second and then fell backwards."   Again he testified: "I saw the cabin watchman lift him off the floor previous to the time I saw him there which was after I had collected the tickets.   I would say he was drunk; he was not beastly drunk; he didn't know hardly what he was doing, anyhow.   I had already seen it was necessary to pick him up when he was down." ° It further appeared from the captain's testimony that when he lifted plaintiff to his feet he made no effort to

support him or prevent his falling or attempt to catch him as he was falling; that plaintiff did not help himself in being put upon his feet, but was "perfectly helpless" in the captain's hands; "he looked like he was asleep—apparently asleep."

"Q. You were watching him? A. Yes, sir.

"Q. To see what he would do? A. Yes, sir.

"Q. You knew he was drunk? A. I knew he was drunk, yes, sir.

"Q. You wanted to see if he would fall down or not? A. Yes, sir.

"Q. You stood him on his feet to see whether he could stand or fall down? A. No, sir; I did not; I picked him up to take him down stairs.

"Q. The first time, though, you wanted to see whether he could stand up or not? A. Yes, sir; I stood him up, yes, sir."

There was much testimony as to the condition of intoxication in which plaintiff was suffering at the time and as to his treatment by the captain at the time of the injury. We are satisfied that there was sufficient evidence to justify the fourth, fifth, sixth, seventh and eighth findings. Of the sixth finding it should be remarked that there is no direct evidence that the captain knew that plaintiff had been drinking after he came aboard the steamer, although there is evidence that the purser knew it, as is conceded by appellant. The fact is not material in view of the findings as to the drunken condition of plaintiff. The seventh finding, being a finding savoring of both fact and conclusions of law, raises the question most seriously urged by appellant and will next receive attention. Appellant's position is thus stated by its learned counsel: "It is our contention that the servants of the defendant were called upon to give the plaintiff, who was in a state of intoxication, no other or further care than they would have to, when called upon, under the law, to give him sober." "The cases," it is further contended, "all support the following rule, 'intoxication does not excuse the omission to use the same care and prudence which are required of a sober man under the same circumstances to protect himself against injury.'" (Citing *Fisher* v. *West Virginia & P. R. Co.*, 42 W. Va. 183, [24 S. E. 570, 33 L. R. A. 69]; *Price* v. *Pha. W. & R. R. Co.*, 84 Md. 506, [36 Atl. 263, 36 L. R. A. 213].) In further support of its contention appellant cites: *Milliman*

v. *New York C. & H. R. R. Co.,* 66 N. Y. 643; Beach on Contributory Negligence, sec. 151; 1 Thompson on Negligence, p. 450; 1 Shearman & Redfield on Negligence, sec. 25.

There was evidence that plaintiff was lying near the cabin door and so that when being opened it would strike his head and that in lying on the floor plaintiff was violating a rule of the vessel. We cannot see that these additional facts are material in determining defendant's liability under the circumstances disclosed. Conceding that the captain was discharging a duty in removing plaintiff from a place of danger which plaintiff occupied in violation of a rule of the vessel, still the captain had no right, knowing as he did the helpless condition of plaintiff, to remove him in such a manner as he must have known would in all probability, and in fact did, cause the injury. We cannot subscribe to the doctrine contended for by appellant, that no greater duty was cast upon defendant in dealing with plaintiff drunk than with plaintiff sober.

In discussing the effect of plaintiff's drunkenness as contributory negligence, the court, in *Wheeler* v. *Grand Trunk Ry. Co. of Canada,* 70 N. H. 607, [50 Atl. 103, 54 L. R. A. 955], correctly stated the law as follows: "For an injury resulting from prior or concurrent negligence contributed he could not recover. But if the defendants with *knowledge* of the plaintiff's danger in the performance of the duty owed by them could have prevented the injury they were bound to do so; and their breach of duty would be the legal cause of the injury, unless at the time of the injury the plaintiff by the exercise of due care could have avoided it. If the plaintiff could not have prevented the injury to himself, and the defendants could by the care the situation required of them, they are liable if they did not, although the plaintiff's inability resulted from his prior negligence or intoxication. 'If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial except it may be as one of the circumstances by which the requisite measure of care is to be determined. In such a case the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior misconduct. The latter . . . is the cause of the danger, the former is the cause of the injury. (Citing numerous cases.) . . . The defendants' answer is that

the plaintiff's incapacity was produced by his voluntary intoxication. But if it were established that the plaintiff's incapacity and irresponsibility were known to the defendants the cause of his condition is entirely immaterial.' "

The true principle is enunciated by our supreme court: He who knows of a danger and can avoid it as against one who does not in fact know the danger, or as against one within whose power does not lie the ability to avoid the accident, is responsible for the injury (*Esrey* v. *S. P. Co.*, 103 Cal. 541, [37 Pac. 500]; *Lee* v. *Market St. Ry. Co.*, 135 Cal. 293, [67 Pac. 765]; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, [98 Am. St. Rep. 85, 74 Pac. 15]); or as is otherwise stated: "One having an opportunity by the exercise of proper care to avoid injuring another must do so, notwithstanding the latter has placed himself in a situation of danger by his own negligence." (*Lee* v. *Market St. Ry. Co.*, 135 Cal. 293, [67 Pac. 765].)

Appellant calls attention in his brief to several exceptions taken in the course of the trial. We find no prejudicial error in any of the rulings of the court. Exception numbered 19 is the only one noticed in appellant's brief and calls only for passing comment. At the conclusion of the evidence counsel for both parties stated that they would submit the case without argument. The trial judge then stated what facts he regarded as proven in the case and called for authorities "upon the duty which the officers of the boat owe to a man that is drunk." In view of the statement made by the judge, as to the facts, counsel for plaintiff asked and obtained leave to amend the complaint to conform thereto. Defendant objected to leave being granted and took exception to the ruling of the court. Under section 473, Code of Civil Procedure, the power to allow amendments in the interest of justice is within the discretion of the trial court and its action will not be disturbed except where an abuse of discretion is shown. (*Lee* v. *Murphy*, 119 Cal. 364, [51 Pac. 549, 955].)

There are no facts disclosed in the present case of which an abuse of discretion may be predicated.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.