[L. A. No. 13737. In Bank.—August 9, 1932.]

EDWARD L. CENTER, Appellant, v. YELLOW CAB COMPANY OF LOS ANGELES (a Corporation) et al., Respondents.

O'Melveny, Tuller & Myers, Warren S. Pallette and Pierce Works for Appellant.

Nimmo, Leighton & Heath and Mark A. Hall for Respondents.

TYLER, J., *pro tem.*—Action for damages for personal injuries. At the conclusion of the trial the court granted a nonsuit. This is an appeal from the judgment.

Such of the facts as are necessary for a proper discussion of the case show that plaintiff was struck down and seriously injured by a taxicab owned by defendant Yellow Cab Company, and driven by defendant Foley. The accident occurred in the city of Los Angeles at a time when plaintiff was on the way to his office. He attempted to cross Seventh Street from south to north at a point slightly west of the middle of the block lying between Broadway and Hill Street. He was walking hurriedly. A line of automobiles was parked parallel to the south curb of Seventh Street, about one foot from the curb. There were two lines of street-car tracks in the center of Seventh Street. As plaintiff emerged from between the automobiles, at a point seven feet from the southerly curb of Seventh Street, he looked to the west in order to observe approaching traffic, and continued looking in that direction for the time it took him to travel two or three feet beyond the parked automobiles. He observed a car about fifty feet to the west that was slowly approaching alongside the line of parked automobiles. No other traffic being in sight in that direction, he continued at a brisk walk across the street in a slightly northeasterly direction, looking at the same time to the east to observe traffic approaching from that quarter. At this moment he was struck from the rear at a point on the street two or three feet south of the most southerly rail of the car tracks. He did not see the approach of the automobile that struck him. From plaintiff's location when he last looked to the west, to the point where the collision occurred, he traveled a distance of between ten and fifteen feet. The vehicle which struck him was an east-bound yellow taxi, operated as above stated by defendant Foley, a driver in the employ of defendant Yellow Cab Company. Foley's automobile was traveling in second gear at a speed variously estimated from ten to fourteen miles an hour at the time when Foley first saw plaintiff. At this time plaintiff was about twenty feet distant from Foley's seat in the cab. Foley saw that plaintiff was looking in the opposite direction and was unaware of his approach. Foley attempted to stop the taxi by

applying the foot-brakes, which were of the two-wheel variety. He did not sound his horn, nor did he make any attempt to swerve the taxi in either direction to avoid striking plaintiff, although the whole left side of the street was clear, nor did he apply his emergency brake. It was upon this testimony that the trial court concluded in granting the motion for a nonsuit, that plaintiff was guilty of contributory negligence which continued up to the very moment of the impact, for which reason he could not recover.

At the time the motion for a nonsuit was made, plaintiff's counsel stated to the trial court that he had tried and rested his case entirely upon the doctrine of the last clear chance. This being so, we will not consider or discuss the question of the sufficiency of the evidence to support a verdict in his favor upon the theory of negligence and absence of contributory negligence, but will deal with the case as to the sufficiency of the evidence under the doctrine of the last clear chance. In support of the judgment, respondents contend, as the trial judge held, that the evidence shows that plaintiff's negligence continued up to the moment of the injury and proximately contributed thereto, for which reason the doctrine invoked by appellant does not apply, and he therefore cannot recover. In making this contention, we are cited to cases of the character of *Young* v. *Southern Pac. Co.*, 182 Cal. 369 [190 Pac. 36], which declare the continual negligence doctrine, and hold that the last clear chance doctrine may not be invoked by a plaintiff to avoid his contributory negligence where the same has proximately contributed to his injury.

This doctrine is not necessarily controlling in the instant case. The real issue in cases of this character is not whose negligence came first or last, but rather whose negligence, however it came, was the proximate cause of the injury. Whether or not, therefore, negligence is the proximate or remote cause depends upon the facts of the particular case. The doctrine of continuing negligence has no application unless the negligence is the proximate cause of the injury. If all the elements of the doctrine of the last clear chance are present and plaintiff's negligence becomes remote in causation, then the doctrine applies. If, on the other hand, any of the elements of the doctrine are lacking, courts have declared, and rightfully so, that plain-

tiff's negligence being continuous and contributory with that of defendant bars a recovery. But a defendant is never relieved of liability if he has it in his power to prevent injuring another, and this is so whether one is unaware of his peril by reason of his negligence or not.

The rule of the last clear chance means just what the words imply; namely, if one has the opportunity of avoiding the injury, he must at his peril exercise it. (*Townsend* v. *Butterfield*, 168 Cal. 564 [143 Pac. 760]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36].) As above stated, the real question to be determined in cases of this character is whether or not the so-called continuing negligence is the proximate or remote cause of the injury. If the elements of the last clear chance doctrine are present, and the doctrine applies, the contributory negligence of the party injured is not the proximate cause, as the negligence of defendant, being later, constitutes the sole proximate cause. Here there was evidence which tended to show that defendant could have avoided the injury. He saw plaintiff and knew he was unaware of his peril, yet he neither sounded his horn, nor did he apply his emergency brake, nor did he attempt to swerve his car to avoid injuring the plaintiff although he had every opportunity so to do. This evidence should have been submitted to the jury, and the trial court committed error in granting the nonsuit. The identical question here involved is fully discussed and decided in *Girdner* v. *Union Oil Co. of California*, this day decided (*ante*, p. 197 [13 Pac. (2d) 915]), where the authorities are reviewed. Upon the authority of that case the judgment herein is reversed.

Waste, C. J., Langdon, J., Shenk, J., Curtis, J., and Seawell, J., concurred.