[Civ. No. 10339.   First Appellate District, Division One.—March 14, 1939.]

JOHN DE FRIES, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

464

William M. Abbott, Cyril Appel and Ivores R. Dains for Appellants.

Melvyn I. Cronin and M. Mitchell Bourquin for Respondent.

WARD, J.—This case was tried by a jury and a verdict rendered for defendants. The appeal is by them from an order granting plaintiff's motion for a new trial. Respondent contends that the motion was properly granted on the ground of errors of law because of certain instructions given at defendants' request. To understand the pertinency of the questioned instructions it is necessary to relate some of the facts of the case.

On the date mentioned in the complaint appellant Market Street Railway Company operated a street car in a westerly direction on two rails, commonly referred to as a single track, on a portion of O'Farrell Street in San Francisco. Respondent was employed as foreman for certain masonry contractors engaged in the reconstruction of the Girls' High School located on the north side of O'Farrell Street and extending from Scott Street easterly to a point a short distance west of Pierce Street, which is not a through street but intersects O'Farrell from the south only. Bricks taken from the building were first cleaned and thereafter placed, with a gap of about fifty feet, in two piles in the street. Several air compressors were in operation, one of them located near the center of the westerly brick pile. Respondent walked from the northerly sidewalk of O'Farrell Street around the westerly pile to a point opposite a compressor and stood, facing the building, with his back toward and distant, one, two or three feet from the street car track. He was occupied in attempting to attract the attention of men working near the top of the building to warn them that other employees were also at work below, when, the front portion of the car having passed, he

was struck and received injuries for which this action was brought to recover damages.

Respondent and appellant Keating, the motorman, agree that respondent was standing looking up at the side of the building for a full sixty seconds immediately before the accident. The motorman testified that the accident occurred after respondent "passed out of my line of vision". A witness, working on the building, testified that he heard a scream, turned around and saw respondent's body on the ground "about three or four feet from the front" of the car. The motorman asserted that respondent was clear of the path of the car but we are nevertheless confronted with the fact that the car struck him.

It is appellants' theory that respondent was in a position of safety, clear of the path of the overhang of the street car, and that as the car was passing he altered his position in such a manner as to come in contact with the side of the car. It cannot be denied that such an inference may be drawn, but other reasonable inferences may likewise be reached from a consideration of the evidence. Not a single witness observed the impact. Some slight projection or the natural sway of the car could have caused the accident and such a theory would be as reasonable as the one presented by appellants. If the only reasonable inference to be drawn from admitted facts is a conclusion of negligence, then the negligence is a question of law, but if, as in this case, other inferences, inconsistent one with the other appear, negligence is a question of fact. We are not prepared to say that appellant's theory is the only reasonable theory; hence we are precluded from determining that respondent's negligence, if any, was negligence as a matter of law. (*Dwelly* v. *McReynolds*, 6 Cal. (2d) 128 [56 Pac. (2d) 1232].)

The evidence warranted instructions upon the doctrine of contributory negligence. The court gave the following instruction: "If you find that the plaintiff, John De Fries, at the time and place in question, did not use reasonable care in the exercise of his faculties of sight and hearing to watch and listen for approaching cars, and by reason of such failure on his part he received the injuries which he now complains of, if any, I instruct you that he would be guilty of contributory negligence, and if you so find, your verdict must in that event be in favor of the defendants Market

Street Railway Company, Ed Keating and S. N. Carr, and each of them.'' This instruction is one often given in similar cases and its vice, if any, was in the neglect to add to the instruction a provisional statement that it was to be considered with or was subject to other given instructions. However, the usual instruction ''You are cautioned not to select a single instruction, or a portion of an instruction alone, but to consider all of the instructions in determining any issue in this case'' was given, which directed that not any single instruction was determinative of any issue in the case.

■ The appellant motorman testified that just immediately prior to the accident for a ''considerable time'', traveling ''about eight or ten miles an hour'', ''three or four or five car lengths'', he saw respondent ''standing with his back to the rail looking up at the building''. In accord with the theory of the respondent, the jury was correctly instructed upon the ''last clear chance doctrine''. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 Pac. (2d) 915].)

■ Respondent contends that the instruction quoted first herein, relative to the duty of the respondent to watch and listen, withdrew from the jury all question of appellants' conduct after discovery of respondent's situation of peril. Reading the instructions together, the jury was permitted to determine first whether respondent was guilty of contributory negligence; if so, then under the last clear chance instruction, that he could recover ''notwithstanding that he himself may have been negligent''. The evidence was sufficient to justify the instruction that it was a question of fact for the jury to determine whether respondent was guilty of contributory negligence and, if he was, whether the motorman had the last clear opportunity of avoiding the accident. The jury evidently concluded that respondent was negligent and that the circumstances were such that the motorman had a clear passage and was therefore justified in proceeding to and beyond the position occupied by respondent.

Standing alone, the first questioned instruction does not contain a full explanation or exposition of the divergent theories advanced by appellants and respondent but, in conjunction with the last clear chance instruction, it may not be said that the jury misconceived or ignored the theory presented by respondent. It is impossible at times to state all of the law in a single instruction. The instructions must be read as a

whole. The first instruction upon its face appears to be a peremptory direction to find for the appellants, but when read in the light of the last clear chance instruction, it simply carried out the rule to present any theory upon the issues advocated in the pleadings and supported by essential and substantial evidence. ■ By its verdict the jury determined that the negligence of respondent was not a remote but the proximate cause of the accident. Though respondent did not see the approaching car, the circumstances were such as to give reason for the conclusion that he should have watched and listened, and this negligence, being continuous and contributory, barred a recovery. (*Center* v. *Yellow Cab Co.*, 216 Cal. 205 [13 Pac. (2d) 918].)

Respondent relies upon certain condemned instructions given in *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514 [74 Pac. 15, 98 Am. St. Rep. 85, 63 L. R. A. 238]. In two of the criticized instructions the trial court used the past tense of the word ''may'' to express the possibility of the right to recovery had plaintiff exercised ordinary care. The instructions omitted definite causation and tested the right of recovery by what might have occurred. A third instruction was to the effect that ''if the jury found that if the deceased had exercised ordinary care to have discovered the danger, he would have discovered it in time to have avoided a collision''. The defendant in that case was not entitled to the instructions at all. ■ Instructions are to be construed together, but where by an instruction the jury is restricted to certain facts in returning a verdict, and a second instruction in general terms informs the jury not to return such verdict, the instructions are inconsistent. (*Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 Pac. 599].)

■ Respondent in his brief quoted two other instructions, one of them only in part. The objection to the second instruction is that it emphasized the first and indicated to the jury that a complete defense to the action was to be found in the fact that the street car could have been seen and heard by one exercising ordinary care. Upon examination we find the jury was instructed that if certain facts were found to be true, such facts might be considered as evidence tending to show negligence on respondent's part.

■ The last clear chance doctrine is an exception to the contributory negligence rule. The orderly and reasonable

method of instruction in such a case is to give correct contributory negligence rules and thereafter to state the exception. That is exactly the procedure adopted in this case. The last clear chance instruction was a correct statement of the rule. Respondent complains that other offered last clear chance instructions were refused. It was not necessary to dress the doctrine in other words of expression. This would have been merely a repetition of a correct statement of the law. (*Paulos* v. *Market Street Ry. Co.*, 136 Cal. App. 163 [28 Pac. (2d) 94].)

█ Respondent objects to an instruction wherein the jury was informed that a motorman is not necessarily obliged to stop his car when he sees a person standing or walking in the vicinity of the tracks, but is permitted to continue the operation of the car until he is conscious of the fact that the person is unaware of the danger. This instruction should have been amended by using language similar to that found in *Taylor* v. *Pacific Elec. Ry. Co.*, 172 Cal. 638 [158 Pac. 119], or *Berguin* v. *Pacific Elec. Ry. Co.*, 203 Cal. 116 [263 Pac. 220]. A motorman may assume that a person in the vicinity of street car tracks will place himself in a position of safety, but the motorman cannot permit the car to proceed to a point where it will be impossible to give warning or prevent injury. The neglect to amend the instruction was remedied by the following given instruction proposed by respondent: "When one, after discovering that I have carelessly exposed myself to danger of which I am obviously unconscious, neglects to use ordinary care to avoid injuring me and inflicts injury upon me as a result of his negligence, such person is liable to me under the doctrine of the last clear chance."

Respondent states in his brief that "the new trial was granted solely because of several wholly erroneous and frequently condemned instructions given by the trial court at the request of defendants". It is respondent's position that the instructions referred to were not subject to cure by other instructions. We find that the trial court fully and fairly presented the issues of negligence, contributory negligence and the exceptions thereto, and in addition gave to the jury the theories tendered by the respective litigants. No error

appears in the instructions noted in respondent's brief and neither side had just cause for complaint.

The order is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1939.