[S. F. No. 19120.   In Bank.   Feb. 21, 1955.]

CHARLES K. SPARKS et al., Respondents, v. JOHN AUGUST REDINGER et al., Appellants.

[S. F. No. 19119.   In Bank.   Feb. 21, 1955.]

GARTH S. THOMAS, Respondent, v. JOHN AUGUST REDINGER et al., Appellants.

Keith, Creede & Sedgwick, Cresswell & Davis and Scott Conley for Appellants.

James G. Quinn, Jr., William H. Quinn and Cyril Viadro for Respondents.

SPENCE, J.—Plaintiffs were injured in a collision when their automobile, while making a left-hand turn at a highway intersection, was struck by an oncoming tractor, pulling two gravel-loaded trailers. Plaintiffs brought actions against Homen, owner of the tractor, and his employee, Redinger, the driver. Homen cross-complained against the plaintiff driver of the automobile, Charles K. Sparks, for damages to his equipment. All actions were consolidated for trial. The jury returned verdicts against all three plaintiffs on their complaints and a verdict in favor of Homen on his cross-complaint. Plaintiffs moved for a new trial. The court granted their motions on the sole ground that it had erred in failing to give plaintiffs' proposed instruction on the doc-

trine of last clear chance. From such orders granting a new trial, defendants and cross-complainant appeal.

Where the trial court grants a new trial on the ground of error in the instructions, its conclusion, in the exercise of a wide discretion, will not ordinarily be disturbed. (*Hunton v. California Portland Cement Co.*, 50 Cal.App.2d 684, 695 [123 P.2d 947]; *Barnett v. Garrison*, 93 Cal.App.2d 553, 557 [209 P.2d 426].) All presumptions favor the order as against the verdict (*Mazzotta v. Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338]), and the order will be affirmed if it may be sustained on any reasonable view of the record. (*Ballard v. Pacific Greyhound Lines*, 28 Cal.2d 357, 358 [170 P.2d 465].) But the trial court, no less than the appellate court, is expressly enjoined by article VI, section 4½, of our Constitution from granting a new trial for error of law unless such error is prejudicial. If it clearly appears that the error could not have affected the result of the trial, the court is bound to deny the motion. (*Brown v. George Pepperdine Foundation*, 23 Cal.2d 256, 262 [143 P.2d 929].) Here the record affirmatively shows that the failure to give the proposed last clear chance instruction did not constitute prejudicial error, and that the trial court erred in so holding. Accordingly, the orders granting plaintiffs a new trial must be reversed.

For the purpose of this discussion, it will be assumed that there was sufficient evidence relating to the happening of the accident to have warranted the giving of a last clear chance instruction. (*Daniels v. City & County of San Francisco*, 40 Cal.2d 614, 623 [255 P.2d 785]; *Sills v. Los Angeles Transit Lines*, 40 Cal.2d 630, 633 [255 P.2d 795].) Apart from the failure of the court to instruct on this doctrine, no complaint is made of any of the instructions. The jury was otherwise properly instructed on negligence, contributory negligence, and proximate cause.

The same main issues were presented by the pleadings with respect to plaintiffs' complaints and defendant Homen's cross-complaint. Under the instructions given, the jury could only have returned a verdict in favor of Homen on his cross-complaint in the event that it found that Redinger, the driver of Homen's tractor, was not guilty of any negligence which proximately contributed to the happening of the accident. Thus, the jury was expressly instructed: "If you find that the cross-defendant Charles Sparks was negligent in the operation of his automobile and that such negligence proximately

contributed to the damages sustained by the cross-complainant Homen, and that the defendant John Redinger was free from any negligence in the operation of the truck owned by cross-complainant Homen, then you must find a verdict in favor of cross-complainant Homen. However, any negligence on the part of cross-complainant's employee, John Redinger, which proximately contributed to the accident in question will bar·a recovery for the cross-complainant.''

In view of these instructions and the jury's verdict in favor of Homen on the cross-complaint, it necessarily follows that the failure to give the last clear chance instruction did not prejudice plaintiffs' cause, for the doctrine presupposes negligence on the part of both parties. (19 Cal.Jur., Negligence, § 80, pp. 651-652.) Accordingly, when the jury, as here, necessarily found that the defendant driver was not guilty of any negligence proximately contributing to the accident, there was no place for the jury's application of the last clear chance principles.

Plaintiffs argue that negligence ''may consist of the failure to avoid an accident under the last clear chance doctrine''; and where the jury is not instructed on that subject in a proper case, it might find a party free from negligence, but if it were instructed on the subject it might find the same party guilty of negligence in that he had the last clear chance to avoid the accident and failed to exercise ordinary care to do so. ■ However, plaintiffs' argument is based upon the erroneous theory that the last clear chance doctrine changes the rules for the determination of the issue of negligence on the part of the respective parties. Such is not the case, as those rules remain precisely the same; and in order to impose liability upon a party under the last clear chance doctrine, the jury must find not only that such party was guilty of negligence proximately contributing to the happening of the accident, but must also find that all other necessary elements of the last clear chance doctrine were present. ■ The only purpose of the last clear chance doctrine is to relieve the injured party from the rigid application of the rule that contributory negligence will bar his recovery, when the circumstances are such that it may be said that such party's negligence is a remote, rather than a proximate, cause of his injuries. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 201-204 [13 P.2d 915] ; *Center* v. *Yellow Cab Co.*, 216 Cal. 205, 207-208 [13 P.2d 918].) ■ In other words, the last clear chance doctrine is but a ''phase of the doctrine of

proximate cause'' in its relation to the negligence of the injured party who seeks to invoke it. (See annos.: 92 A.L.R. 47; 119 A.L.R. 1041; 171 A.L.R. 365.) It is therefore entirely clear that the last clear chance doctrine can have no possible application where it affirmatively appears that the party sought to be charged is not guilty of any negligence which proximately contributes to the happening of the accident.

The jury was fully instructed that plaintiffs were entitled to a verdict if it should find that the defendant driver was chargeable with any negligence in the operation of his truck that proximately contributed to plaintiffs' injuries, and that ''contributory negligence is of no importance unless it is a proximate cause of the accident.'' (See *Gillette* v. *City of San Francisco*, 58 Cal.App.2d 434, 441 [136 P.2d 611]; *Simon* v. *City & County of San Francisco*, 79 Cal.App.2d 590, 600 [180 P.2d 393].) Moreover, the instructions were in fact more stringent than even the last clear chance doctrine in their application to the issue of Redinger's alleged negligence. They recited his duty to use ordinary care in the face of another's negligence which ''in the exercise of ordinary care would be apparent to him,'' while the last clear chance instruction only applies in the event of actual knowledge of another's perilous position. (*Daniels* v. *City & County of San Francisco, supra,* 40 Cal.2d 614, 619; *Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630, 637.) In view of such broad instructions and the jury's return of a verdict in favor of the cross-complainant Homen, which only could be based on a finding that Redinger was not guilty of any negligence which proximately contributed to the accident, it is clear that the giving of the last clear chance instruction could not have changed the result, and the error, in failing to give it, was not prejudicial.

The present situation, in which the verdict for the cross-complainant Homen could only rest on a finding that his driver Redinger was free from negligence proximately contributing to the accident, is distinguishable from the cases cited by plaintiffs, where there was simply a verdict against a plaintiff on his complaint. (*Daniels* v. *City & County of San Francisco, supra,* 40 Cal.2d 614; *Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630.) In these cited cases the reviewing court could not tell whether the verdict in favor of defendant was based on a finding that defendant was not negligent or that plaintiff was negligent, in which latter event a last clear chance instruction might have avoided

that factor as a proximate cause barring recovery. Accordingly, in those cases, the failure to instruct on the doctrine of last clear chance was deemed prejudicial. In the present case, there is no room for doubt as to the basis for the verdict, as the record affirmatively shows that it was necessarily based on the jury's finding that defendant and cross-complainant Homen's driver was not chargeable with any negligence proximately contributing to the happening of the accident.

The orders granting a new trial are reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I dissent.

This is another last clear chance case that adds to the confusion in this field. The majority opinion erroneously states that the doctrine presupposes negligence by both plaintiff *and defendant* and then holds that instructions on negligence gave the jury a clear picture of the circumstances under which the jury could find defendant driver of the truck, negligent under the last clear chance doctrine.

On the first proposition, the majority opinion states: ". . . the doctrine presupposes negligence on the part of both parties." And: "Plaintiffs argue that negligence 'may consist of the failure to avoid an accident under the last clear chance doctrine'; and where the jury is not instructed on that subject in a proper case, it might find a party free from negligence, but if it were instructed on the subject it might find the same party guilty of negligence in that he had the last clear chance to avoid the accident and failed to exercise ordinary care to do so. However, plaintiff's argument is based upon the erroneous theory that the last clear chance doctrine changes the rules for the determination of the issue of negligence on the part of the respective parties. Such is not the case, as those rules remain precisely the same; and in order to impose liability upon a party under the last clear chance doctrine, the jury must find not only that such party was guilty of negligence proximately contributing to the happening of the accident, but must also find that all other necessary elements of the last clear chance doctrine were present."

It is not the law that under the doctrine of last clear chance negligence of defendant is "presupposed" or that

the application of the doctrine has nothing to do with forming a basis for defendant's negligence. It is well settled that under this doctrine there may have been no antecedent negligence on defendant's part. His negligence may arise solely from his conduct after a situation is presented in which he must use care to avoid the accident, because he has the last clear chance to do so, even though he was not negligent prior to that time. Therefore the jury should be instructed on the doctrine or its equivalent to permit it to determine whether defendant was negligent in the light of the situation confronting him. The question is ably discussed: "But last clear chance cases are not so simple; the difference between the *original* and the *final* negligence of the parties must be taken into account. The plaintiff must be guilty of some *original* negligence by which he places himself in a position of danger; and the defendant, seeing plaintiff in such danger, must be guilty of some *final* negligence which proximately causes the injury. And if, at the last moment, either party can avoid the accident by the exercise of ordinary care, the law then disregards his prior misconduct, and deals with his behavior at the time the injury is done. In this event, the *prior* misconduct is said to be the cause of the danger, and the *later* misconduct the cause of the injury. . . .

"In last clear chance cases, the *original* negligence of the injured party in getting himself into a position of peril, is merely an *attendant condition*, and not the *proximate cause* of the injury, . . . and the *final* negligence of the defendant, after discovering plaintiff in a position of danger, is a new and independent negligence, and the proximate cause of the injury."

"Let us sketchily repeat those special conditions: first, that the plaintiff has been guilty of original negligence of some kind; second, that by reason of such original negligence he, the plaintiff, is in a position of danger; . . . fourth, that the defendant then has an opportunity to avoid injuring the plaintiff, by exercising ordinary care under the circumstances; and fifth, that the defendant fails to exercise such ordinary care, or in other words, is guilty of some *final* negligence.

"That is to say, the defendant's duty under the last clear chance doctrine, to exercise *final care* [emphasis added] to avoid the accident, does not arise until he discovers plaintiff in a position of danger. . . . But even if he was guilty of original negligence, that fact alone will not make him liable under the last clear chance doctrine; for just as plaintiff's

original negligence is merely an *attendant condition*, and not the proximate cause, of the injury, . . . so, on principle, it would seem that defendant's original negligence should likewise be considered an *attendant condition*, and not the proximate cause, under the last clear chance doctrine. As soon, however, as defendant discovers plaintiff in a position of danger, he is then bound to exercise ordinary care to avoid the accident; and if, under all the circumstances, he does exercise such ordinary care, he is not liable; but if, under all the circumstances, he fails to use ordinary care from that time on, he may be held guilty of *final negligence* [emphasis added], and the plaintiff may invoke the doctrine. It then becomes the function of the court or jury to determine whether or not, under all the circumstances, the defendant, after discovering plaintiff in a position of danger, was guilty of such *final negligence* [emphasis added].''

"One says that the antecedent negligence of one or both parties is immaterial; that 'the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior misconduct'; and that the prior misconduct is the cause of the *danger* only, while it is the later misconduct that is the cause of the *injury*.'' (Hall, *Last Clear Chance,* pp. 4, 82, 212.)

While some of the older cases said that for the doctrine to apply defendant's negligence is presupposed (see cases collected 19 Cal.Jur. 651-652) other cases and recent ones have pointed out that defendant's negligence, and hence liability, may arise from his conduct after the last clear chance situation is presented to him, the proposition being stated in the language that plaintiff's negligence is remote and the proximate cause of the injury is defendant's negligence in failing to avert the injury. It is stated in *Doherty* v. *California Nav. & Imp. Co.,* 6 Cal.App. 131, 137 [91 P. 419], quoting from *Wheeler* v. *Grand Trunk Ry. Co. of Canada,* 70 N.H. 607 [50 A. 103, 54 L.R.A. 955] : " 'If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial except it may be as one of the circumstances by which the requisite measure of care is to be determined. In such a case the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior misconduct. The latter . . . is the cause of the danger, the former is the cause of the injury. . . .' '' In *Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630,

637 [255 P.2d 795], the court said: "... where a person sees another in a position which is in fact dangerous, he may not rely upon dullness to excuse him from not realizing the danger of the position ... ; and if he sees the dangerous situation he must use reasonable diligence in analyzing the same." In *Bonebrake* v. *McCormick*, 35 Cal.2d 16, 19 [215 P.2d 728]: "... the boy by his own negligence put himself in a position of danger from which he could not escape by the exercise of ordinary care, that defendant knew of the boy's peril, that she had the last clear chance to avoid the accident *by the exercise of ordinary care but failed to do so, and that the boy was killed as a proximate result of such failure.*" (Emphasis added.) This court said in *Girdner* v. *Union Oil Co.*, 216 Cal. 197, 200 [13 P.2d 915]: "... established the fact that when plaintiff approached and was proceeding across the path of the oil truck, and up to the time of the collision, he did not see and was totally oblivious of the approach of the truck, and the danger that confronted him; that defendant Elam first saw plaintiff's car some forty or fifty feet away from the intersection; that he saw plaintiff looking straight ahead, in an opposite direction, and not slowing the speed of his automobile; that Elam was traveling at a speed of twenty miles an hour and could have stopped his truck almost immediately, and within a distance of a few feet; that he had ample time and sufficient distance, at least twenty-five to thirty-five feet, in which to stop and avoid coming in contact with plaintiff's car, but failed to do so." "The real issue in cases of the character here involved is not whose negligence came first or last, but whose negligence, however it came, was the proximate cause of the injury. ...

"If defendant is not able to avoid injuring plaintiff in the exercise of ordinary care, the plaintiff's original negligence continues to be the proximate cause of his own injury, which bars recovery. If, on the other hand, defendant is able to avoid injuring the negligent plaintiff and *negligently fails to do so,* plaintiff's original though continuing negligence only remotely contributes to the injury and is not the proximate cause thereof, and hence the applied doctrine, by its own principles, establishes the right of plaintiff to recover notwithstanding the fact that his original negligence would, by its continuing nature, bar a recovery if the doctrine were not applicable." (Emphasis added; *Girdner* v. *Union Oil Co., supra,* pp. 201-202, 203.) Similarly in *Center* v. *Yellow Cab Co.*, 216 Cal. 205, 208 [13 P.2d 918], it was said: "If the

elements of the last clear chance doctrine are present, and the doctrine applies, the contributory negligence of the party injured is not the proximate cause, as the *negligence of defendant, being later,* constitutes the sole proximate cause." (Emphasis added.) In *Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614 [255 P.2d 785], and the Sills, Bonebrake, Girdner and Center cases there was no antecedent negligence on defendant's part. The sole negligence with respect to him was his conduct after being presented with a last clear chance situation.

The majority uses the fallacious premise above discussed to conclude that since plaintiff lost on the cross-complaint, and there were adequate instructions on the subject of defendant's duty after he was confronted with the plaintiff's perilous position, the failure to give an instruction on last clear chance was not prejudicial error. Those instructions did not embody the elements of last clear chance; they did not advise the jury that if defendant could have avoided injuring plaintiff by the exercise of ordinary care after discovering plaintiff's peril then plaintiff could recover. Certainly plaintiff was entitled to have his theory of liability presented to the jury with respect to his case regardless of the cross-complaint. *Daniels* v. *City & County of San Francisco, supra,* 40 Cal.2d 614, and *Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630, contrary to the majority opinion, are clearly applicable and show that the instructions given did not cure the error in refusing the last clear chance instruction. In the Daniels case it is said: "Defendants submit that even though the court erroneously refused to instruct on the last clear chance doctrine, nevertheless no prejudice resulted to plaintiffs because (1) *the doctrine was covered by other instructions given by the court and (2) the general verdict of the jury imports findings in favor of defendants on all material issues so as to preclude plaintiffs from raising an objection based on that theory of recovery.* Neither point is well taken.

"The instructions cited by defendants in nowise purported to include the elements of the last clear chance doctrine. Rather they were directed only to the duty of the bus driver to 'use reasonable prudence in analyzing the . . . situation' confronting him so as to avoid colliding with plaintiffs' automobile. Moreover, the court in its other instructions plainly refuted any application of the last clear chance doctrine by charging the jury that any negligence on the part of either

Mrs. Daniels or her guest, Mrs. Smith, would bar a recovery, though a necessary tenet of the doctrine is the presence of the plaintiff's negligence. [Citations.] *It is the duty of the court to instruct on every theory of the case finding support in the evidence.''* (Emphasis added.) In the Sills case, it is said: ''Defendants finally contend that even though it was improper for the trial court to have refused the requested instruction on the last clear chance doctrine, such refusal was not prejudicial error. In support of their position, defendants urge that every major element of that doctrine was covered by other instructions. Two of the cited instructions concerned proximate cause, one being the usual definition thereof and the other referring to a 'violation of law' as 'of no consequence unless it was a proximate cause' of the injury. The third cited instruction was a lengthy declaration of the law relating to the right-of-way at an intersection, and the duty to exercise ordinary care so as to avoid a collision. Manifestly, such instructions did not purport to deal with the last clear chance doctrine and cannot be deemed adequate for submitting to the jury the question of defendants' liability upon that theory. Moreover, at defendants' request the jury was expressly charged, without qualification, that contributory negligence would bar a recovery, and no declaration was made covering plaintiff's theory of his right to prevail under the last clear chance doctrine. [Citation.] In these circumstances defendants unavailingly argue the proposition that the erroneously refused instruction should not be deemed prejudicial because the principle therein stated was fully and fairly covered in other instructions to the jury.'' (*Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630, 639.)

The majority opinion holds, in effect, that any time the defendant files a cross-complaint plaintiff is not entitled to a last clear chance instruction although the facts justify it. No authority is cited for that proposition and I believe there is none. There is no basis for it.

I would, therefore, affirm the orders granting a new trial.

Respondents' petition for a rehearing was denied March 22, 1955. Carter, J., was of the opinion that the petition should be granted.